Filed April 9, 1890.

No. 14,137.

HARRIS ET AL. *v.* THE STATE, EX REL. WRIGHT, DRAINAGE COMMISSIONER.

DRAINAGE.— *Ex-Commissioner.* — *Bond.*— *Action Upon.*—*Credits.*— An ex-drainage commissioner, in an action upon his bond by his successor in office for conversion of assessments collected for the construction of a ditch, is entitled to a credit for all moneys paid or expended for work done under the contract, and for the costs and expenses of the action.

PRACTICE. —*Overruling Demurrer.*—Where it does not appear that a demurrer was filed no error can be predicated upon an entry in the record reciting that a demurrer to a pleading submitted to the court was overruled.

PLEADING.—*Complaint.* — *Sufficiency of to Bar Another Action.*— *Supreme Court.*—Where there is enough in a complaint to bar another action it is sufficient as against an attack made upon it, for the first time, in the Supreme Court.

From the Madison Circuit Court.

Harris *et al. v.* The State, *ex rel.* Wright, Drainage Commissioner.

*W. S. Diven, C. L. Henry* and *H. C. Ryan,* for appellants.
*W. R. Pierse* and *C. B. Gerard,* for appellee.

BERKSHIRE, J.—This was an action brought upon the bond of the appellant, Thomas P. Harris, ex-drainage commissioner of Madison county, Indiana, which bond was executed pursuant to the provisions of the act of April 8th, 1881. Section 4273, R. S. 1881.

The confused condition in which we find the record indicates great want of care on the part of counsel as to the order-book entries containing the minutes of the proceedings as the cause progressed.

The action was originally brought in the name of the State, on the relation of Amy Berry.

Afterwards a demurrer was filed to the complaint and to the several paragraphs, which demurrers the court sustained, and immediately following the ruling of the court sustaining the demurrers, the record shows that the relatrix filed an amended complaint, which is set out, and which drops the name of the relatrix and employs the name of William T. Wright as relator.

Afterwards, and until the 15th day of March, 1887, the cause proceeded in the name of one Addison D. Williams, drainage commissioner. By what authority he figured in the capacity of relator we do not know. The record fails to inform us. It may be that when the amended complaint was filed his name appeared therein as the relator, but this is only a surmise; the record shows to the contrary.

On the 15th day of March, 1887, as the record shows, the said Addison D. Williams appeared in court and asked that his name be withdrawn as relator, and the court granted his request, and substituted William T. Wright as the relator. The same entry contains the following recital: "And the demurrer to the complaint heretofore filed being submitted to the court, is overruled, to which ruling of the

court the defendant at the time excepted." Thereupon the appellants filed their answer in two paragraphs—a general denial and a plea of payment.

To the second paragraph of answer the appellee filed a reply in one paragraph, which was the general denial.

The cause was afterwards submitted to the court, and a finding returned for the relator in the sum of $270, and over a motion for a new trial judgment was rendered for the said sum of $270.

To the overruling of the motion for a new trial the appellants reserved proper exceptions.

Several errors are assigned, the three first of which relate to the overruling of the demurrers to the complaint. The fourth alleges that the court erred in overruling the motion for a new trial. The fifth and sixth are objections made to the complaint in this court for the first time.

When the amended complaint was filed it stood independent of all antecedent proceedings, and all demurrers filed to the original complaint, and if the appellants desired to test its sufficiency as against a demurrer it became and was necessary for them to file a demurrer thereto.

There is no demurrer to the amended complaint set out in the record, nor do we find any order-book entry informing us that a demurrer was filed. We must presume, therefore, that no demurrer was filed, and must treat that part of the entry of March 15th, 1887, which we have quoted as a mere recital, to which we can give no importance. From what we have said our conclusion is that the question as to the sufficiency of the complaint as against a demurrer is not before us.

We are of the opinion that there is at least enough in the complaint to bar another action, and, therefore, in view of the many decisions of this court it is sufficient as against an attack upon it made for the first time in this court.

This leaves but the one alleged error yet to be disposed of—the overruling of the motion for a new trial.

The amended complaint is in but one paragraph. The only breach of the said bond which we find in the amended complaint is, that the principal therein, the said appellant, Thomas P. Harris, collected the assessments made to construct the ditch, and converted the same to his own use. If he collected and retained in his hands any amount of said assessments when this action was commenced, for that sum he and his sureties are liable ; but if he had before the commencement of the action paid out all the money by him received, then there was no liability, and the judgment should be reversed.

If the judgment is excessive, but there is some amount in the hands of the said principal in said bond, then there should be a remittitur entered for the excess, and the judgment affirmed if the remittitur is entered.

It is conceded by the appellants that Harris collected $3,719.55. In his answers to the interrogatories propounded to him in June, 1886, he states that there was due Hollaran $267.21 ; $3,500, the contract price, less $267.21, shows the amount paid to Hollaran to be $3.232.79. He paid to Wynant, another contractor, as he states in his answer to interrogatories, $155. We can imagine no good reason why, as against his successor in office who is the relator, he should not have credit therefor. It is conceded that he paid costs and expenses, $176; total credits, $3,563.79 ; deduct credits from charges and the balance is $155.76.

Counsel for appellants claim that there was but $267.21 due Hollaran before the $200 cash, shown to be in the hands of Harris, was paid, and that after the payment of the $200 cash but $67.21 was still due, and that there was also a mistake in the report of Harris against himself of $100. It is evident that the $200 cash when paid left $267.21 still due, and that before that payment there was $467.21 due, while the reports, as they appear on pages 79 and 80 of the transcript, are not clear in statement, a close study of the language used can lead to no other conclusion, and then long

after, when Harris comes to answer the interrogatories, he concedes that there is still due Hollaran $267.21.

In reading over the reports it is very difficult to ascertain whether or not there was any such mistake contained therein as the $100 mistake claimed by the appellants. Indeed, it is almost, if not quite, impossible to ascertain the items on account of which credits are claimed in the reports. But the appellants concede that Harris collected $3,719.55, which is $40.42 more than his reports show, and that much more than is shown by his answers to interrogatories; we, therefore, charge him with the amount conceded.

There is no controversy in the evidence as to the sum of $155 paid to Wynant on work done under the contract with him, and it is conceded that Harris paid the sum of $176, costs and expenses. Therefore, in reaching the conclusion to which we have arrived, it is not one depending upon the weight of the evidence, but upon facts established by un-contradicted evidence and facts conceded. Whether or not the appellant would be entitled to a credit as against Hol-laran in a proper action by him or on his relation, which-ever might be proper, on account of the payment made to Wynant, we are not called upon to decide. All we do de-cide is, that in an action by Harris' successor in office for a conversion of the assessments collected, he is entitled to the credit.

If the appellee will remit, in this court, within thirty days, all of his said judgment, except the said sum of $155.76, the judgment is affirmed, at the relator's costs; but if such re-mittitur is not entered within the time named, then the said judgment is in all things reversed, at the relator's costs.

Filed April 11, 1890.