No. 15,311.

## BRAUNS v. GLESIGE.

|130 167|
|134 611|

PRACTICE.—*Damages.*—*Omission to Aver.*—*Defect Cured by Verdict.*—The omission of an averment of the amount of damages sustained is cured by the verdict.

SAME.—*Damages.*—*Failure of Proof.*—*Injunction.*—If there is no proof of damages, the court can only award nominal damages, even though the plaintiff be entitled to an injunction.

INJUNCTION.—*Mandatory.*—*When May Issue.*—If there be an unlawful invasion of the plaintiff's rights, irreparable and continuing in its nature, the court may issue a mandatory injunction on final hearing, and it may do so in extreme cases in the first instance.

SAME.—*Apartment House.*—*Sale of Part.*—*Removal of Water-Pipe in Joint Service.*—If the owner of a double apartment house, which is served by a single water pipe for domestic purposes in both parts of the house, sell or lease one-half of the house, such water-pipe being appurtenant thereto and essential to the enjoyment of the half sold, he may be restrained from afterwards removing such pipe, and be compelled to restore it.

From the Vanderburgh Circuit Court.

*S. R. Hornbrook* and *S. W. Curtis,* for appellant.

*V. Bisch,* for appellee.

OLDS, J.—One Louis B. Bichter was the owner of a lot in the city of Evansville upon which there was a two-story brick dwelling-house divided into two apartments, each having separate numbers, and constructed for use by two families, the hall entering into one apartment, and doors from·the hall into the other. The house was supplied with water from the city water-works for use by the occupants, including the necessary water for a double water-closet, the water being furnished by the same pipes to both apartments. The appellee leased one of the apartments of the owner for a term of years. Afterwards, and before the expiration of the lease, the owner died testate, devising said real estate to his son, Louis W. Bichter, who also died testate, and by his will devised a part of said real estate to the appellant. The ap-

pellee took possession of the premises under the lease, and has ever since held the same.

The complaint alleges the foregoing facts, and further alleges that the appellant has shut off the water from the building, and is about to stop appellee's access to his dwelling-rooms in the second story, and to take up and remove the fence dividing the lot, and designating the limits between the two apartments, and to bar appellee from the use of the water-closet for use by the tenants of said building, and, unless restrained, the appellant will deprive the appellee of the use and enjoyment of the premises so leased and now occupied by the appellee.

Appellant assigns as an error that the complaint does not state facts sufficient to constitute a cause of action.

There was no demurrer addressed to the complaint, and its sufficiency is first questioned by an assignment of error in this court.

We think the complaint is sufficient to bar another action, and no defect is pointed out which renders it insufficient to withstand an attack first made in this court by an assignment of error alleging its insufficiency.  *Harris* v. *State, ex rel.*, 123 Ind. 272.

It is next contended that the court erred in overruling appellant's motion for a new trial.

The court assessed appellee's damages at $50, and it is insisted by appellant that there is no allegation in the complaint authorizing the recovery of actual damages, and that there was no evidence introduced that appellee sustained any actual damage, and at most only nominal damages could be assessed.

The complaint alleges the facts showing that the appellant was about to shut off the water, and that he had actually stopped the water pipes and prevented the flow of water to the apartments occupied.  There was a prayer for one hundred dollars damages, but no averment that the appellee had sustained damages in any specific sum by reason of the acts

Brauns v. Glesige.

of the appellant. The complaint was sufficient to withstand a general demurrer for want of facts, and to bar another action. The omission of an averment as to the amount of damages sustained is cured by the verdict. It is a matter that may be supplied by proof. *Colchen* v. *Ninde,* 120 Ind. 88; *Chapell* v. *Shuee,* 117 Ind. 481; *Old* v. *Mohler,* 122 Ind. 594; *Harris* v. *State, ex rel., supra.*

There is no evidence of any actual damages, or that any amount of damages were sustained. The evidence all goes to the facts relating to the use of the premises, and the stopping of the water-pipes, and interference with the appellee's full and free use of the premises; and there is no evidence tending to show the amount of actual damage sustained, or that appellee had sustained any actual damage. Under the evidence in the case we do not think the court was authorized to assess more than nominal damages.

It is contended that the right to receive water through the pipes was a mere license, revocable at the will of the owner of the premises. The evidence shows that the premises were all owned by one person, and that while so owned the pipes were put in. The pipes connecting with and furnishing water to a part of the house occupied by the appellee, were put in by the appellee at his own expense, under an agreement with the landlord; and when put in they became a part of the real estate, and the appellant had no right to stop them up and shut off the flow of water to the premises occupied by the appellee.

The court made a mandatory order, requiring the appellant to open up the pipes and permit the flow of water to the premises occupied by the appellee. This was correct. The court had a right to order a mandatory injunction in such a case as the one at bar. Where there is an unlawful invasion of a party's right, irreparable and continuing in its nature, the court may issue a mandatory injunction, and this it may do in an extreme case in the first instance, as

well as upon final hearing. 1 High on Injunctions (3d ed.), sections 2 and 708.

For the error of the court in assessing damages the judgment will have to be reversed, unless the appellee remit all except one dollar within thirty days from this date.

If the appellee remit all of the judgment for damages, except one dollar, within thirty days from this date, the judgment will be affirmed at costs of the appellee. On failure of the appellee to enter such remittitur within that time, the judgment is reversed, at costs of appellee.

