Citizens' Street Railroad Company of Indianapolis *v.* Merl.

Filed June 15, 1893.

———◆———

No. 16,113.

CITIZENS' STREET RAILROAD COMPANY OF INDIANAPOLIS
*v.* MERL.

PLEADING.—*Personal Injury.—Damages.—Sufficiency of Complaint.—Contributory Negligence.—Street Railroad.—Transfer.—Presumption.*—In an action for damages because of personal injuries received by a street railroad passenger in transferring himself from one car to another, the averment in the complaint "that the plaintiff was in full view of the driver on the street car which was driven against him, bruising and injuring him," can not be construed to show negligence on the part of the plaintiff, in view of the other allegations of the complaint, among which is the averment of freedom from contributory negligence. In such case the passenger had the right to rely on the presumption that an opportunity would be given him to make the transfer in safety, or would be notified of any apparent danger foreseen by the employes of the company.

From the Hendricks Circuit Court.

*H. C. Allen,* for appellant.

*C. A. Dryer,* for appellee.

OLDS, J.—This is an action for damages sustained by the appellee, by reason of an injury received by him at the transfer car of the line of appellant's street railway in the city of Indianapolis, the appellee being, at the time of the injury, a passenger, and was changing cars at the transfer. The venue of the cause was changed to the Hendricks Circuit Court. Issues were joined and a trial had, resulting in a verdict and judgment in favor of the appellee for $4,000. A motion for a new trial was filed by the appellant and overruled, and exceptions taken.

Two errors are assigned:

*First.* That the complaint does not state facts sufficient to constitute a cause of action.

*Second.* That the court erred in overruling the motion for a new trial.

The complaint is questioned for the first time in this court. It is contended that it states facts affirmatively showing that the appellee was guilty of negligence contributing to the injury, in not using his senses of sight and hearing, which would have enabled him to have foreseen the danger and avoided it, and, therefore, the complaint is bad, notwithstanding it contains the general allegation that appellee was free from negligence and without fault on his part.

We have examined the complaint, and deem it to no purpose to set out its provisions in this opinion. The only allegations that could be construed as showing affirmatively that appellee was guilty of contributory negligence, is an averment that the appellee was in full view of the driver on the street car which was driven against the appellee, bruising and injuring him.

In view of the other allegations of the complaint, this can not be construed to show want of care on the part of the appellee, nor to show that he saw the approaching car, or was guilty of negligence in failing to see it. The ap-

pellee was a passenger on the appellant's street railway. He, together with his ——, boarded one car and rode to the transfer car, where they were to change, taking a car running upon another street. In making the change in the ordinary way—and as, it is alleged, he was directed by the driver of the car he first boarded—he was to step out of the car he first entered and pass into the transfer car, and there wait the arrival of the car he desired to take. The car he first entered was a closed car, which he entered and departed from through a door at the rear end, stepping first onto the track behind the car and then passing into the transfer car. The passenger had the right to rely upon an opportunity being given him to make this change in safety, or being notified of any apparent danger foreseen by the employes who were at the point of danger. Thompson on Carriers, p. 233; *Louisville, etc., R. W. Co.* v. *Lucas,* 119 Ind. 583; *Pennsylvania Co.* v. *Marion,* 123 Ind. 415.

He had no reason to apprehend that an approaching car would be driven upon him, without warning, while he was endeavoring to enter the transfer car, in plain view of the driver. The complaint is clearly sufficient to withstand an attack against it first made in this court, by an assignment of error as to its insufficiency. *Puett* v. *Beard,* 86 Ind. 104; *Parker* v. *Clayton,* 72 Ind. 307; *Old* v. *Mohler,* 122 Ind. 594; *Brauns* v. *Glesige,* 130 Ind. 167; *Harris* v. *State, ex rel.,* 123 Ind. 272; *Dennis* v. *Louisville, etc., R. W. Co.,* 116 Ind. 42.

The next question discussed relates to the sufficiency of the evidence to sustain the verdict. Although counsel, in the discussion of the question, groups several other causes for a new trial with it, yet this is the only question presented by such assignments.

No good can be accomplished by setting out and discussing the evidence and its sufficiency. We have ex-

amined the record sufficiently to ascertain that the evidence tends fairly to sustain the verdict, and that there is not such a lack of evidence as will justify this court in reversing the judgment for want of evidence to sustain it.

It is contended, that the evidence proves that the appellee was guilty of contributory negligence; that he might, with the ordinary use of his sense of sight, have seen the approaching car and avoided it. The jury may very properly have found, that the appellee, upon stepping out of the car which carried him to the transfer car, immediately stepped to the transfer car and was making an effort to enter it, and observing whether he could enter it, not occupying any unnecessary time, and that within a few seconds from the time he stepped from the car he was driven upon and injured; that no opportunity was given him to enter the car, or notice that he could not enter, and that he was not directed to do otherwise than enter it; that he was not directed to step aside and make the transfer without entering, and that the rules required the making of the transfer through the transfer car, which he was endeavoring to do as speedily as possible, and without opportunity being given him to enter the car or to determine that it was impracticable to do so, and without remaining upon the track or in the road of the car long enough to obstruct the way to any perceivable extent, he was driven upon and injured; that the car that was driven upon him was an open car, from which the driver could see that the track was necessarily obstructed by persons attempting to enter the transfer car with their backs toward the approaching car.

It is not a case where this court should order the verdict of the jury set aside and the granting of a new trial.

It is contended that the damages assessed are excessive, though the question does not seem to be properly pre-

Citizens' Street Railroad Company of Indianapolis *v.* Merl.

sented by assigning the proper statutory reason for a new trial, yet we have considered it, and think there is no reason for interfering with the verdict on this account, even if it was properly presented. There was evidence from which the jury might have very properly found that the appellee was very seriously and permanently injured to such an extent as to make the assessment of damages very reasonable.

Complaint is made of the giving of instructions four and five. We have examined them, and they correctly state the law in relation to the degree of care to be exercised by common carriers of passengers, and were applicable in this case. The appellee in this case was a passenger on appellant's line of street railway, and was doing just what was required of him to complete his journey. He was making a necessary change of cars at a point where, and in the manner that, a vast number of passengers were transferred each day, and the company was bound to use the degree of care incumbent upon a common carrier of passengers, in guarding against injury and for the security of the passengers.

Complaint is made of the conduct of counsel in the progress of the argument to the jury. A portion of the statements of counsel, of which appellant complains, was entirely legitimate, and none of them are of such a character as would justify the reversal of the judgment, even if proper steps had been taken in the court below to have entitled the party to a reversal for prejudicial conduct of counsel.

There is no error in the record.

Judgment affirmed.

Filed April 8, 1893; petition for a rehearing overruled June 13, 1893.