## CAMPBELL ET AL. v. HEISS ET AL.

[No. 27,898. Filed March 21, 1944.]

*George J. Burke*, General Counsel, *Thomas I. Emerson, Fleming James, Jr., David London, Morton Abrahams*, and *Edward H. Hatton*, all of Washington, D. C., *James C. Gruener*, of Cleveland, Ohio, and *Robert H. Orbison, John E. Scott*, and *John M. Caylor*, all of Indianapolis, for appellants.

*Omer S. Whiteman*, of Indianapolis, for appellee.

*Elmer Q. Lockyear*, of Evansville, *amicus curiae*.

FANSLER, C. J.—The appellant Campbell began this action by filing a complaint alleging that the defendants, who are the appellees here, owned and rented dwelling accommodations in an apartment house; that they rented an apartment to the plaintiff, by the week, for various rentals, all in excess of $10 per week, and that the plaintiff was required to pay the rental charge; that, under the Emergency Price Control Act of 1942 (56

Stat. 23, 50 U. S. C. A., Appendix § 901 et seq.), and Maximum Rent Regulation No. 27, the maximum lawful rent for the apartment was fixed at $10 per week. Judgment was prayed for $50 for each week of excess rental, and attorney's fees, as provided for in section 205 (e) of the statute, and for all other proper relief. To this complaint the defendants demurred for want of facts. The demurrer was sustained, and the correctness of this ruling is challenged by the appeal.

In support of the ruling on the demurrer, the appellees assert that the action is founded upon the "landlord registration form" filed by the landlord under the Maximum Rent Regulation, and that therefore the action is based on a written instrument, which is not set out in the complaint. There is no merit in this contention. The action is for a statutory penalty and all other proper relief. It seeks a recovery because of an illegal collection of rent, and not upon a breach of contract.

It is also asserted that the act of Congress involved is unconstitutional because it provides for a penalty to be recovered by the plaintiff in an action against a landlord for rents collected in excess of those provided for under the law. But we are not concerned with this question at this time, since the complaint is sufficient to state a cause of action for the excessive rentals.

It is also urged that: "With reference to 'due process of law' and an 'adequate and appropriate remedy,' the provision in the 'Emergency Price Control Act of 1942' that all final recourse must be had through the 'Emergency Court of Appeals' and the United States Supreme Court at Washington, D. C., is out of line with the Federal Constitution." The appellees have not furnished us with any

authorities or argument elucidating this contention. There is nothing in the complaint disclosing how the maximum rental on the defendants' property was arrived at. So far as disclosed by the record, it may have been arrived at by agreement, or after a hearing before the commissioner. The question of due process in the fixing of the maximum lawful rental is not presented by the demurrer to the complaint.

*Amicus Curiae* suggests that the entire act of Congress is unconstitutional because it is not limited as to time and makes no provision for change of conditions. But the act is limited as to time, and no question of changed conditions is involved in the issues. It is also contended that the act is void and unconstitutional because it gives the administrator power to use his own discretion, without a hearing, in fixing rentals. A casual examination of the statute discloses, however, that a standard is fixed by which the discretion of the administrator is controlled. The act does not provide for hearings, but it does not forbid hearings. It has been held that a statute is not invalid because it fails to require notice in the absence of a showing that notice was prohibited. See *Toombs* v. *Citizens Bank of Waynesboro* (1930), 281 U. S. 643, 50 Sup. Ct. 434, 74 L. Ed. 1088; *Bratton et al.* v. *Chandler et al.* (1922), 260 U. S. 110, 43 Sup. Ct. 43, 67 L. Ed. 157; *Kentucky Railroad Tax Cases* (1885), 115 U. S. 321, 6 Sup. Ct. 57, 29 L. Ed. 414. These cases support the view that, even if the Constitution requires a hearing before legislative fact-finding bodies, an act will not be unconstitutional for failure to require a hearing if it does not preclude a hearing. So far as the record here discloses there may have been a hearing. It is contended that the act delegates legislative power to the administrator, but we think that this view cannot be

sustained. It is well settled that a legislative body may enact a law, the operation of which depends upon the existence of a stipulated condition, and that it may delegate to a ministerial agency power to determine whether the condition exists.

No other reasons supporting the ruling on the demurrer have been suggested. The ruling was erroneous.

Judgment reversed, with instructions to overrule the demurrer, and for further proceedings not inconsistent herewith.

NOTE.—Reported in 53 N. E. (2d) 634.