THE CITY OF PLYMOUTH, INDIANA *v.* STREAM POLLUTION
CONTROL BOARD OF THE STATE OF INDIANA.

[No. 29,494. Filed June 30, 1958.]

440

*Donald K. Travis* and *Kizer & Neu,* both of Plymouth, for appellant.

*Edwin K. Steers,* Attorney General, and *Addison M. Dowling,* Deputy Attorney General, for appellee.

Landis, J.—In the court below appellant-city brought action for judicial review of an order of appellee-board (1) requiring appellant to cease and desist from causing pollution of Yellow River and (2) requiring appellant to construct facilities to treat adequately sanitary and domestic sewage including industrial waste of the city. The lower court affirmed the order of appellee-board. Appellant filed motion for new trial which was stricken out on appellee's motion, and appellant has appealed to this court.

Appellee has filed motion to dismiss the appeal contending that the proceedings brought by appellant in the court below are governed by the Administrative Adjudication and Court Review Act of 1947,[1] and that the appeal from the judgment of the lower court was not taken within the time limit prescribed by said Act, to-wit: that appellant did not file notice of intention to appeal within 15 days from the date of said judgment, and that such provision is mandatory.

Appellant concedes it did not file notice of intention to appeal within 15 days from the date of the lower court's judgment, but says that it filed such notice of intention to appeal and appeal bond within 15 days from the date of the ruling striking out its motion for new trial, and that the appeal was therefore timely taken.

To consider this question, it is necessary to consider the appropriate statutes and applicable principles of law.

Appellant concedes that its action for judicial review in the lower court was brought pursuant to the Administrative Adjudication and Court Review Act of 1947, *supra,* although it contends in its briefs that

---

1. Burns' §63-3001 to §63-3030 (1951 Replacement), being Acts of 1947, ch. 365, §§1-30, p. 1451.

some of the provisions of the earlier Stream Pollution Control Board Act of 1943,[2] which are inconsistent therewith, are applicable and controlling in this case.

The Stream Pollution Control Board Act of 1943 is a classic example of poor legislative draftmanship, and some of the sections of the act are openly repugnant to others. The glaring unfairness of the act is illustrated by the fact that the only recourse to the courts is given to the board for bringing enforcement proceedings under the act, but on the other hand, no judicial review is afforded to an objector to the board's action or orders in any manner whatsoever.[3]

As appellant was given no right of judicial review under the Stream Pollution Control Board Act of 1943, it is little wonder that appellant brought these proceedings under the Administrative Adjudication and Court Review Act of 1947, although paradoxically appellant is asking that some of the provisions of the act which gave him no remedy should apply. This is in order that appellant might be entitled to receive a trial de novo and even a trial by jury. But unfortunately for appellant, the only proceedings in which the 1943 Act allows that is in an action for enforcement brought by appellant's adversary, the board. The 1947 Act under which appellant has brought this action provides that judicial review shall not be a trial de novo, and that the facts shall be determined by the court solely upon the record filed with the court under the act.

It is difficult for this court to see how a proceeding brought by appellant under a 1947 Act could be gov-

2. Burns' §68-517 to §68-534 (1951 Replacement), being Acts of 1943, ch. 214, §§1-18, p. 624.

3. The right to judicial review from an administrative agency's decisions or rulings cannot be denied, however, by the failure of the legislature to make provision therefor.

See: *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399.

erned in relation thereto by a previous 1943 Act which gave appellant no remedy and was repugnant to the act which gave him a right to be in court. However, in any event §28 (Burns' §63-3028) of the Administrative Adjudication and Court Review Act providing "all general or special laws or parts of laws in conflict [T]herewith are hereby specifically repealed" removes any application of the Stream Pollution Control Board Act of 1943 to cases of repugnancy between the two acts.[4] This is in harmony with the intent and purpose of the Administrative Adjudication and Court Review Act to provide as nearly as possible a uniform and equitable method of obtaining judicial review of rulings of administrative boards and agencies within the contemplation of the act.

We accordingly hold the proceedings in the case before us to be governed by the Administrative Adjudication and Court Review Act of 1947 rather than by the Stream Pollution Control Board Act of 1943.

Appellant has also contended that if the Administrative Adjudication and Court Review Act has super-

---

4. See: *White* v. *Bd. of Med. Regis. and Exam.* (1956), 235 Ind. 572, 134 N. E. 2d 556, holding that the Acts of 1947, ch. 253, §1, p. 1035 (Burns' §63-1306, 1951 Replacement) providing for appeals from the Board of Medical Registration and Examination has been superseded by the Administrative Adjudication and Court Review Act of 1947 (Acts of 1947, ch. 365, §14, being Burns' §63-3014, 1951 Replacement).

However, the Administrative Adjudication and Court Review Act does not apply to judicial reviews from the Public Service Commission, as it expressly exempts the same from its application.

See: Acts of 1947, ch. 365, §2, p. 1451, being Burns' §63-3002 (1951 Replacement).

The case of *Pub. Serv. Comm. of Ind.* v. *C., I. and L. Railway Co.* (1956), 235 Ind. 394, 132 N. E. 2d 698, 134 N. E. 2d 53, relied on by appellant as to the right to hear evidence on judicial review is therefore not applicable to proceedings under the Administrative Adjudication and Court Review Act.

See: *Pub. Serv. Comm.* v. *Ft. Wayne U. Ry. Co.* (1953), 232 Ind. 82, 111 N. E. 2d 719.

seded the Stream Pollution Control Board Act, that the former is unconstitutional as an improper delegation of legislative authority to an administrative board. Appellant has cited no authorities for his position which is without merit. As stated in *Campbell* v. *Heiss* (1944), 222 Ind. 297, 302, 53 N. E. 2d 634, 636:

> ". . . It is well settled that a legislative body may enact a law, the operation of which depends upon the existence of a stipulated condition, and that it may delegate to a ministerial agency power to determine whether the condition exists." See also: *Financial Aid Corporation* v. *Wallace* (1939), 216 Ind. 114, 23 N. E. 2d 472, 125 A. L. R. 736.

The next question to be determined in ascertaining whether this appeal was taken in time involves the question of whether a motion for a new trial could properly be filed by appellant in this proceeding in the court below. If the motion was not proper to be filed, the filing of the same did not extend appellant's time for appeal from the judgment, and appellant not having given notice within 15 days from such date is too late with this appeal; however, if the motion could properly be filed, the appeal could be prosecuted by giving notice of intention to appeal and filing bond within 15 days from the ruling on such motion.

As previously noted, the Administrative Adjudication and Court Review Act provides that the judicial review shall not be a trial de novo, but that the facts shall be determined exclusively upon the record filed with the court under the act. No provision is made for the introduction of additional evidence upon such judicial review, the last opportunity for the introduction of evidence being for "newly discovered evidence" which an aggrieved party can petition the board or agency to introduce before such board. This, by stat-

ute, must be done within 15 days after the order or determination of the board. No such petition was filed by appellant before the Stream Pollution Board.

It is apparent from an examination of the Administrative Adjudication and Court Review Act that the judicial review provided for therein does not contemplate a trial in the usual sense, but that the court is only to examine the record of the board's proceedings to ascertain if the board has acted within its jurisdiction and has complied with the procedural requirements of the act, and that its decision is supported by substantial evidence and is not contrary to legal principles, including those specified in the act. And under the statute the court may affirm or set aside the determination of the board or agency, in which latter event it may remand the cause for further proceedings. The findings covering the relevant facts shown by the record, and the decision, order or judgment are to be set out by the court.

As there is no trial in the usual sense upon the judicial review, there can be no basis for asking for a new trial when a losing party is disappointed or dissatisfied with the outcome of the judicial review.

Appellant has also contended that the fact the Administrative Adjudication and Court Review Act of 1947 was amended in 1957 to provide specifically that a motion for new trial is not now contemplated under the act, means that the original Act of 1947, under which this cause was filed, did by implication previously contemplate such a motion. Appellant has cited no cases for his position, and we believe the previous treatment in this opinion of the nature of judicial review under the 1947 Act, unquestionably refutes appellant's contention.

It is necessarily our conclusion, therefore, that a motion for new trial was not proper to be filed in the lower court in this cause, and that such court correctly ordered it stricken out.

The appeal from the judgment of the court below not having been prosecuted by giving notice of intention to appeal within 15 days of such judgment as specified by statute, it follows that the appeal must be dismissed.[5]

Bobbitt, C. J., and Achor, Arterburn and Emmert, JJ., concur.

NOTE.—Reported in 151 N. E. 2d 626.

---

5. It was brought to the attention of the court in oral argument of this cause that a suit for a mandatory injunction involving the parties hereto and the subject matter of this appeal is pending in a lower court.

While the issues in said action for a mandatory injunction were not before the court in the instant cause, in view of the fact that the interests of the public are concerned in such litigation, we believe we should call attention to the well recognized rule in this and other jurisdictions that the granting of a mandatory injunction is dependent, among other things, upon the unlawful invasion of the rights of a party and whether it is irreparable and continuing in its nature, and it is therefore a material issue whether the unlawful acts which are the subject of the suit for a mandatory injunction are still being committed. See: *Brauns* v. *Glesige* (1892), 130 Ind. 167, 29 N. E. 1061; Citing: 1 High on Injunctions (3d ed.) §§2 and 708; *Watson* v. *Burnett* (1939), 216 Ind. 216, 223, 23 N. E. 2d 420.