STANTON, DIRECTOR OF MARION COUNTY DEPARTMENT
OF PUBLIC WELFARE, ETC. ET AL. *v.* RAUB.

[No. 30,404. Filed July 3, 1963. Rehearing denied
September 13, 1963.]

*Mark W. Rhoads* and *Richard C. Johnson,* both of
Indianapolis, for appellants.

*Donald E. Bowen* and *Bowen, Myers, Northam &
Givan,* of Indianapolis, for appellee.

LANDIS, J.—Appellee brought proceeding under the Administrative Adjudication and Court Review Act[1] for judicial review of a finding, order, determination and decision of the Indiana State Personnel Board dismissing appellee as an employee of the Marion County Welfare Department.

The lower court reinstated appellee as an employee of said welfare department and appellants have appealed to this Court.

Appellee has filed motion to dismiss the appeal contending that the failure of appellants to file transcript and assignment of errors within 90 days from the date of judgment in the court below or to file timely motion for extension of time therefor deprived this Court of jurisdiction of this appeal and that the appeal should be dismissed.

The parties concede the determination of this matter depends upon the application of Rule 2-2 of this Court providing in part:

> "In all appeals and reviews the assignment of errors and transcript of the record must be filed in the office of the Clerk of [the] Supreme Court within 90 days from the date of the judgment or the ruling on the motion for a new trial, unless the statute under which the appeal or review is taken fixes a shorter time, in which latter event the statute shall control . . . ."

Appellants contend however that this Court has jurisdiction of the appeal as the 90 day period runs from filing of notice of intention to appeal by virtue of ch. 365, §19 (as amended) of the Administrative Adjudication and Court Review Act[2] which provides:

---

1. Burns' §63-3001, et seq. (1961 Repl.), Acts 1947, ch. 365, §1, et seq., p. 1451.

2. Burns' §63-3019 (1961 Repl.), Acts 1947, ch. 365, §19, p. 1451; 1957, ch. 355, §7, p. 1033.

"An appeal from the judgment of said court including an order remanding said cause may be prosecuted by either party directly to the Supreme Court as in civil causes, providing a notice of intention to appeal therefrom shall be filed with said circuit or superior court within a period of fifteen (15) days from the date of said judgment . . . No motion for a new trial shall be required or permitted prior to taking such appeal to the Supreme Court of Indiana."

We are unable, however, to follow appellants' line of reasoning as the statute above quoted does not attempt to fix a shorter or different time than 90 days from the date of judgment or the ruling on the motion for new trial within which to file assignment of errors and transcript. It follows therefore that the portion of Rule 2-2 restricting the 90 day rule in cases where " . . . the statute under which the appeal or review is taken fixes a shorter time . . . " does not come into application in this case.

The fact that the filing of notice of appeal is a condition to the Supreme Court acquiring jurisdiction in cases arising under the Administrative Adjudication and Court Review Act does not interfere with the requirement of Rule 2-2 that assignment of errors and transcript be filed within 90 days of the judgment or ruling on the motion for new trial.

Neither does the action of this Court in granting an extension of time when the time had already expired prior to the filing of appellants' motion for extension of time, foreclose appellee from moving to have the cause dismissed for violation of Rule 2-2. *Dawson et al.* v. *Wright, Mayor, etc. et al.* (1955), 234 Ind. 626, 632, 129 N. E. 2d 796, 799.

Appellee's motion to dismiss appeal is sustained and the appeal dismissed.

Achor, Arterburn and Jackson, JJ., concur; Myers, C. J., not participating.

NOTE.—Reported in 191 N. E. 2d 490.