136 Ind. App. 331 (1964)
200 N.E.2d 538
TEEPE
v.
REVIEW BOARD OF INDIANA EMPLOYMENT SECURITY DIVISION ET AL.
No. 20,150.
Court of Appeals of Indiana.
Filed August 13, 1964.
*332 Robert L. Wyttenbach, of Indianapolis, for appellant.
Edwin K. Steers, Attorney General and William C. Haase, Jr., Deputy Attorney General, for appellee, Review Board.
HUNTER, C.J.
This is an appeal from a decision of the Review Board of the Indiana Employment Security Division denying the claimant appellant benefits under the Unemployment Security Act. This matter is before us on the Board of Review's motion to dismiss.
The principal averment in said motion is that the appellant failed to file a notice of intention to appeal the decision of the Review Board of the Indiana Employment *333 Security Division with said Board prior to the expiration of fifteen (15) days from the date of the mailing of such decision as required by the Acts of 1947, ch. 208, § 1811 as amended and found in § 52-1542j, Burns' 1963 Cumulative Supplement.
An examination of the record herein demonstrates that on February 17, 1964 the Review Board of the Indiana Employment Security Division issued its decision in writing denying appellant unemployment benefits on said claim and mailed copies of said decision to the interested parties herein. The record further shows that on April 17, 1964 the appellant filed with the Review Board a praecipe for the transcript of the proceedings had before the Review Board.
It is the appellee Review Board's contention that the failure of the appellant to file a notice of intention to appeal the decision of the Review Board at some time prior to the expiration of fifteen (15) days from the date of the mailing of such decision which in the instant case would have been on or before March 3, 1964 prevents the Appellate Court from acquiring jurisdiction of this appeal. The appellee further contends that the Appellate Court has jurisdiction on the motion to dismiss.
§ 52-1542j, Burns' 1963 Cumulative Supplement, supra, deems a decision of the Review Board to be final fifteen (15) days after the date that the decision is mailed to the interested parties, unless a party adversely affected by such decision initiates a proceeding for review in compliance with the provisions of said section. § 52-1542j, supra, reads as follows:
"Decision of review board  Finality  Notice and perfection of appeal  Stay of proceedings.  Any decision of the review board, in the absence of appeal therefrom as herein provided, shall become *334 final fifteen (15) days after the date such decision is mailed to the interested parties. Provided, however, That if the board or the director or any party adversely affected by such decision files with the Review Board, at any time prior to the expiration of fifteen (15) days from the date of mailing of such decision, a notice of an intention to appeal from such decision, such action shall stay all further proceedings under or by virtue of such review board decision for a period of thirty (30) days from the date of the filing of such notice, and, if such appeal is perfected, further proceedings shall be further stayed, pending the final determination of said appeal; Provided, further, That if an appeal from such decision of the Review Board is not perfected within the time provided for by this act (§ 52-1525 et seq.), no action or proceeding shall be further stayed." See also § 52-1542k.
In a proceeding brought for review of a decision of the Review Board of the Indiana Employment Security Division under the provisions of §§ 52-1542j and 52-1542k, supra, the Appellate Court of Indiana sits as a court of exclusive original jurisdiction and not as an appellate tribunal. Ball Bros. Co. v. Rev. Bd. of Ind. Emp. Sec. Div. (1960), 240 Ind. 582, 167 N.E.2d 469; State ex rel. Standard Oil Co. v. Review Bd. (1951), 230 Ind. 1, 12, 14, 101 N.E.2d 60; Peabody Coal Co. v. Lambermont (1942), 220 Ind. 525, 530, 44 N.E.2d 827.
The Supreme Court of Indiana has held that where a statute provides the remedy for review of a decision of an administrative board and a proceeding to be followed, the procedure must be followed as a condition precedent to the acquiring of jurisdiction. In Ballman v. Duffecy (1952), 230 Ind. 220 at p. 229, 102 N.E.2d 646 we find the following quote: "... where the statute provides the remedy of a review, *335 and the procedure to be followed, the procedure must be complied with ... A failure to comply with the statute is jurisdictional, and therefore the trial court did not have jurisdiction of the parties or the particular case." This rule is sustained further by our Supreme Court in the case of State ex rel. Public Serv. Comm. v. Marion C.C. (1961), 242 Ind. 145, at p. 150, 177 N.E.2d 397.
It has also further held that where a statute providing for judicial review of an administrative order or decision contains a requirement that notice of intention to appeal shall be filed within a certain time with a specific person, that strict compliance with the requirement is a condition to the acquiring of jurisdiction by the court of judicial review, and a noncompliance with the requirement is grounds for dismissal of the appeal. Stanton v. Raub (1963), 244 Ind. 255, 191 N.E.2d 490, 491; City of Plymouth v. Stream Pollution Cont. Bd. (1958), 238 Ind. 439, 446, 151 N.E.2d 626; Lock Joint Tube Co. v. Citizens Trust & Sav. Bank (1941), 218 Ind. 162, 167, 171-172, 31 N.E.2d 989; Steel Transp. Co., Inc. v. Review Board etc. (1962), 134 Ind. App. 95, 186 N.E.2d 174; White v. Bd. of Med. Regis. and Exam. (1956), 235 Ind. 572, 577, 134 N.E.2d 566; Payne, President et al. v. Buchanan et al. (1958), 238 Ind. 231, 245, 148 N.E.2d 537, 150 N.E.2d 250; Alexander v. Factory Store Company, etc. (1953), 123 Ind. App. 506, 507, 112 N.E.2d 298.
Thus the rule has been stated that where a statute providing for judicial review of an administrative order or decision contains provision as to time for appeal, such provisions are mandatory as a condition precedent to the acquiring of jurisdiction of such an appeal.
*336 Therefore, since the Board of Review's decision was made on the 17th day of February, 1964 and the record indicates it was also mailed on said date, the failure of the appellant to file a notice of intention to appeal the decision of the Review Board on or before March 3, 1964 is a fatal noncompliance with the statute (§ 52-1542j, supra).
Appeal dismissed.
NOTE.  Reported in 200 N.E.2d 538.