GEORGIA NEAL *v.* REVIEW BOARD OF THE INDIANA
EMPLOYMENT SECURITY DIV. ET AL.

[No. 2-772A40. Filed November 8, 1972. Rehearing denied
December 12, 1972. Transfer denied June 1, 1973.]

*Solomon L. Lowenstein, Jr.,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Darrel K. Diamond,* Deputy Attorney General, for appellee, Review Board, *David F. McNamar, Steers, Klee, Sullivan & LeMay,* of Indianapolis, for appellee, Holiday Inn.

PER CURIAM—This cause is an attempted appeal from the Review Board of the Employment Security Division and is pending before the Court on the motion of the appellee Holiday Inn to dismiss, the brief of the appellee Review Board in support of the motion to dismiss, the appellant's motion in opposition to the motion to dismiss and her brief in support of her motion in opposition. The motion to dismiss alleges as cause therefor that this Court lacks jurisdiction because the appeal was not initiated within the time allowed by statute and was not perfected within the time allowed by statute or rule.

The record reveals the following action: On January 20, 1972, the claimant-appellant filed an application for benefits

under the Indiana Employment Security Act. The deputy mailed his decision to her on February 9, 1972. Claimant promptly and timely filed, on February 16, 1972, a request for hearing before referee. A hearing was held before a referee, and on April 12, 1972, the decision of the referee which affirmed the decision of the deputy was mailed to claimant. Not until June 15, 1972, did claimant attempt to appeal the decision of the referee to the Review Board.

The pertinent statute, Ind. Ann. Stat. § 52-1542b (Burns 1964 Repl.), reads as follows:

> "52-1542b. Hearing before referee—Ruling on finding of deputy—Notice of decision—Appeal.—Unless such request for hearing is withdrawn, a referee, after affording the parties a reasonable opportunity for fair hearing, shall affirm, modify or reverse the findings of fact and decision of the deputy. The parties shall be duly notified of such decision and the reasons therefor, which *shall be deemed to be the final decision of the review board, unless within fifteen (15) days after the date of notification or mailing of such decision, an appeal is taken* by the board or the director or *by any party adversely affected by such decision to the review board.* [Acts 1947, ch. 208, § 1802, p. 673; 1957, ch. 299, § 4, p. 795.]" (Our emphasis.)

Without an appeal having been taken within fifteen days from and after April 12, 1972, the decision of the referee became the final decision of the Review Board on April 27, 1972, by operation of law. As hereinbefore noted, claimant did nothing toward appealing until June 28, 1972, long after the time had expired within which she could have appealed.

Claimant's request for appeal tendered to the Review Board on June 28, 1972 presented nothing on which the Review Board could act, since its decision had become final on April 27. Had the Review Board attempted to act on the request for appeal, its action would have been reversible error. In the case of *Steel Transportation Co., Inc.* v. *Review Board* (1962), 134 Ind. App. 95, 186 N. E. 2d 174, the Court held as follows:

"This is an appeal from the Review Board of the Indiana Employment Security Division. The appellant directly challenges the fact as to whether or not the claimant filed his notice of intention to appeal the decision of the Division Deputy within the ten (10) day period as provided by Burns' Ind. Sts. Anno. § 52-1542a, 1962 Supplement.

"The record discloses that the notice of claimant's intention to appeal the decision of the Division Deputy was not in fact filed within the required statutory ten (10) day period. The Review Board therefore had no jurisdiction to hear the appeal. The decision of the Review Board is therefore set aside and the decision of the Division Deputy is determined to be final."

In the case of *Teepe* v. *Review Board, etc.* (1964), 136 Ind. App. 331, 200 N. E. 2d 538, the claimant failed to file notice of intention to appeal within fifteen days from the mailing of the decision of the Review Board. The Appellate Court, by Judge Hunter, dismissed the appeal, and stated as follows:

"The Supreme Court of Indiana has held that where a statute provides the remedy for review of a decision of an administrative board and a proceeding to be followed, the procedure must be followed as a condition precedent to the acquiring of jurisdiction. In *Ballman* v. *Duffecy* (1952), 230 Ind. 220 at p. 229, 102 N. E. 2d we find the following quote:

'. . . where the statute provides the remedy of a review, and the procedure to be followed, the procedure must be complied with . . . *A failure to comply with the statute is jurisdictional,* and therefore the trial court did not have jurisdiction of the parties or the particular case.'

This rule is sustained further by our Supreme Court in the case of *State ex rel. Public Serv. Comm.* v. *Marion C. C.* (1961), 242 Ind. 145, at p. 150, 177 N. E. 2d 397.

"It has also further held that where a statute providing for judicial review of an administrative order or decision contains a requirement that notice of intention to appeal shall be filed within a certain time with a specific person, that strict compliance with the requirement is a condition to the acquiring of jurisdiction by the court of judicial review, and a noncompliance with the requirement is grounds for dismissal of the appeal. *Stanton* v. *Raub* (1963), 244 Ind. 255, 191 N. E. 2d 490, 491; *City of Plymouth* v. *Stream Pollution Cont. Bd.* (1958), 238 Ind. 439, 446, 151 N. E.

2d 626; *Lock Joint Tube Co.* v. *Citizens Trust & Sav. Bank* (1941), 218 Ind. 162, 167, 171-172, 31 N. E. 2d 989; *Steel Transp. Co., Inc.* v. *Review Board etc.* (1962), 134 Ind. App. 95, 186 N. E. 2d 174; *White* v. *Bd. of Med. Regis. and Exam.* (1956), 235 Ind. 572, 577, 134 N. E. 2d 566; *Payne, President et al.* v. *Buchanan et al.* (1958), 238 Ind. 231, 245, 148 N. E. 2d 537, 150 N. E. 2d 250; *Alexander* v. *Factory Store Company, etc.* (1953), 123 Ind. App. 506, 507, 112 N. E. 2d 298.

"Thus the rule has been stated that where a statute providing for judicial review of an administrative order or decision contains provision as to time for appeal, *such provisions are mandatory as a condition precedent to the acquiring of jurisdiction of such an appeal.*" (Emphasis supplied.)

The case of *Steel Transportation, supra,* involved the first step in appeal, from the deputy to the Review Board. The *Teepe* case, *supra,* involved the second step in review, from the Review Board to the Appellate Court. In both cases the claimant failed to file the notice of intention to appeal within the time required by statute. In the first case, the Court held the Review Board had no jurisdiction to review the decision of the deputy. In the second case, the Court held it had no jurisdiction of the appeal from the Review Board.

The disposition of the case now before us is governed by the *Steel Transportation and Teepe* cases. There has been a break in the chain of jurisdiction by reason of the failure of the claimant-appellant to file her notice of intention to appeal the decision of the referee within fifteen days after notice was mailed to her as required by the statute.

Appellant attempts to assign as error that because she is not educated, having only progressed to the fifth grade of school, and cannot read, the standard form, printed notice which appears in the decision of the Appeals referee did not constitute proper notice to her of her right to appeal, that she did not voluntarily waive her right to appeal, that she has been denied of her right to appeal, and thereby deprived of equal protection and due process of law.

The appellant does not claim that she did not receive the notice. She claims the notice sent to her was not sufficient to advise her of her rights because she could not read it. If she could not read it herself, she had an affirmative duty to act in some manner to inform herself of its contents. By failing to inform herself of the contents of the notice, and failing to avail herself of the right to appeal within the time permitted by statute and set out in the notice, appellant failed to invoke the jurisdiction of the Review Board, and subsequently of this Court. While the application of this rule may seem to create a harsh result in this case because of appellant's particular circumstance, had she acted promptly to inform herself there would be no reason for the application of the rule.

The appellee's Motion to Dismiss is sustained, and this cause is dismissed.

NOTE.—Reported in 288 N. E. 2d 561.