The PIERCE GOVERNOR COMPANY, Employer-Appellant,

v.

REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION, William H. Skinner, David L. Adams and Paul M. Hutson, as Members of and as constituting the Review Board of the Indiana Employment Security Division, Appellee,

James M. Adcock, et al., (77 Claimants), Claimants-Appellees.

No. 2–1180A378.

Court of Appeals of Indiana, Fourth District.

May 20, 1982.

Martin T. Fletcher, F. L. Dennis Logan, Rothberg, Gallmeyer, Fruechtenicht & Logan, Fort Wayne, for employer-appellant.

Linley E. Pearson, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee.

A. Bonner Brown, Marion, for claimants-appellees Mary E. Dubois, Carolyn Jones, Vera R. Miller and Ava White.

Nora L. Macey, Miles, Segal & Macey, Indianapolis, for claimants-appellees.

## ON PETITION FOR WRIT OF MANDATE AND PETITION TO AMEND BRIEF

YOUNG, Judge.

In our decision of October 7, 1981, we remanded this case to the Review Board for additional findings on whether the employer had returned to "normal operations." *Pierce Governor Co. v. Review Board of the Indiana Employment Security Division,* (1981) Ind.App., 426 N.E.2d 700. This finding was necessary to support its determination that "work stoppage" no longer existed and, therefore, the claimants were no longer disqualified from benefits because of a work stoppage due to a labor dispute. I.C. 22–4–15–3(a). Although we did not retain jurisdiction, the Review Board filed its supplemental findings with this court on February 11, 1982. Rather than filing a notice of intent to appeal pursuant to Ind.Code 22–4–17–11, Pierce Governor filed a "Verified Application to Amend Brief" and a "Petition for Writ of Mandate and Prohibition" with this court on February 18, 1982. Thereafter, we set the matter for oral argument directing the parties to address the following issues:

(1) Whether the Court should resume jurisdiction of this cause, allow re-briefing, and decide whether the Review Board has complied with the prior opinion of this Court or whether these new filings should be struck from the record on the basis that the appeal in which they are filed is no longer *in fieri*; and,

(2) Whether a Writ of Mandamus and Prohibition should issue.

We address the above issues as well as a third issue raised in Pierce Governor's Petition for Writ of Mandate: whether we should issue a writ to compel the employment security division to conduct hearings on individual claims.

■ As was noted in our earlier opinion, the Review Board's decision must be supported by essential findings of facts. When a finding of fact, essential to the conclusion, is missing this court remands the cause to the Board to discharge its duty to make these factual findings. *Warner Press Inc. v. Review Board of the Indiana Employment Security Division*, (1980) Ind. App., 413 N.E.2d 1003. We may retain jurisdiction under the Ind. Rules of Procedure, Appellate Rule 15(N) or under Ind. Code 22–4–17–12. Here, however, we did not retain jurisdiction in view of what we felt were clear directions to the Board. Neither did we specify time limits to submit findings to us nor did we require the Board to take additional evidence. Rather, we recognized that a party feeling aggrieved by the Board's additional findings could obtain judicial review pursuant to I.C. 22–4–17–11 if it so desired.[1] Because we did not retain jurisdiction and because Pierce Governor failed to pursue statutory procedures to invoke jurisdiction for appellate review, Pierce Governor's attempt to amend a brief in a case no longer before us is of no avail.[2] By petitioning to amend its brief filed in the prior appeal, it has failed to take steps necessary to perfect an appeal to obtain judicial review of the Board's findings. *See, Teepee v. Review Board of the Indiana Employment Security Division*, (1964) 136 Ind..App. 331, 200 N.E.2d 538.

■ However, Pierce Governor has also filed a petition for writ of mandate which is an appropriate action to invoke jurisdiction of a reviewing court when a trial court, on remand, refuses to comply with the terms of the appellate decision. *Skendzel v. Marshall*, (1975) 263 Ind. 337, 330 N.E.2d 747.[3] When such a claim is advanced, the procedure of this court has been to compare the action taken to the action ordered. *Id.* Pierce Governor, by alleging that the Board made findings in direct disregard to our decision, advances such a claim. Therefore, we compare our instructions to the action taken by the Board in making its supplemental findings.

In our decision we did not order the Board to reach any specific result or to conduct any additional hearings. We held that a finding that Pierce Governor had returned to normal business operations was necessary to support the Board's conclusion that a work stoppage had ceased. To guide the Board we noted that normal business operations contemplated something more than production and that the company's business operations must *substantially* conform to the standard or regular operations of the plant. *Pierce Governor, supra* at 704 (our emphasis). However, we recognized that courts have primarily focused on the employer's ability to successfully obtain replacement workers and to resume its principle productive function. *Id.* at 704, n. 5. In comparing the findings[4] we find nothing to

1. It is possible, of course, that neither party would feel aggrieved or see any merit to further review proceedings.

2. Pierce Governor contended that it was misled by the Board when it filed its Supplemental Findings with this court. We did nothing to mislead the parties. However, Pierce Governor, if confused, could have called the court clerk's office or could have examined the docket book to eliminate its confusion.

3. The Board presumably submitted its Supplemental Findings to establish its compliance with the terms of our decision.

4. The Board's Supplemental Findings follow:
It further finds that the employer operates a flexible work force controlled by management.

It further finds that on January 1, 1977, the employer had a full complement of employees and had achieved and resumed production commensurate to its pre-strike level.
It further finds that the employees on strike would have been placed only as job openings occurred and as of January 1, 1977 the employer had a full complement of permanent replacements commensurate to production at pre-strike levels.
It further finds that in a flexible work force controlled by management, the test of normal operations is the pre-strike level of employees and production.
It further finds that out of the seventy-six (76) claimants, only thirty-three (33) returned to work after January 1, 1977 and those return to work dates varied from January 25, 1977 to August 15, 1978 and then never more than one or two people on a particular date as replacements were needed.

suggest that the Board made its findings in direct disregard to our decision. The Board found that the employer had a full complement of employees commensurate to pre-strike levels who were permanent replacements. These replacements would be retained in preference to the people on strike. It further found that there would be no change in management operations. These findings indicate that Pierce Governor was not merely using a temporary plan to obtain results normally produced by it.

■ Pierce Governor places a great deal of emphasis on the Board's finding that "in a flexible work force controlled by management, the test of normal operations is the pre-strike level of employees and production." While this test is framed in narrower and less flexible terms than we directed, we cannot say the Board was refusing to comply with the directions in our decision. In considering all of the supplemental findings, the Board was merely determining that, under the circumstances of this case, the company had returned to normal operations because the operations substantially conformed to Pierce Governor's regular business operations. The Board has complied with our decision, therefore no writ of mandate is required as it relates to this issue.

Additionally, Pierce Governor requests us to order the employment security division to cease charging its account for benefits paid to the claimants without a determination that claimants were available for work. Pierce Governor also seeks restitution for increased payroll taxes it was required to pay as a result of these payments of benefits without the proper determinations. The relevant part of the petition alleges:

> ... 7. Since September 18, 1978, the Respondent, Review Board, by its Chief Appeals Referee and administrators, has represented to the Relator that if Claimants were not disqualified from benefits due to a labor dispute, further proceed-

ings would be conducted to determine on an individual basis the additional qualifying consideration of whether Claimants were available for work as required under I.C. 22–4–14–3. Respondent has refused to respond to Relator's inquiries as to how the Employment Security Division intends to proceed on the issue of Claimant's availability for work and instead has awarded benefits and charged Relator's experience account in the absence of such proceedings, contrary to law.

> 8. The Respondent, Review Board, has acted in an arbitrary and recalcitrant manner, in abuse of its discretion, without observance of proper procedure and not in accordance with law. . . .

■ These allegations introduce a new matter which was not the subject of the earlier appeal. Pierce Governor has asked us to issue a writ of mandate in aid of appellate jurisdiction under the Rules of Procedure for Original Action, Rule 1(E) and A.R. 4(C). See, however, *Teepe, supra* at 200 N.E.2d 539. However, Pierce Governor has failed to demonstrate to us that this request for such extraordinary relief is appropriate.

Under 640 IAC 1–9–16 any protest of charges made to an employer's experience account must be made in writing within fifteen days after a Form 535 statement of charges is mailed to the employer's last known address. When the written protest is filed, the employer is then required to file a Form 2404 "Employer's Protest and Request for Hearing Before Liability Referee" with the Liability Referee. *Id.*; see also 640 IAC 1–13–1. Pierce Governor has not alleged facts demonstrating that it properly filed these items. Neither did Pierce Governor allege facts showing that the Board indirectly deprived Pierce Governor of its right to perfect a record for appeal by refusing to perform statutory duties, i.e. providing the statement of charges, which would have invoked Pierce Governor's duty

---

It further finds that while management may not have found the convenience of operation as "normal" as prior to the strike, on January 1, 1977, permanent replacements had been hired and would have been retained in preference to the people on strike and there would be no change in management operations.

to file a written protest and Form 2404. Because Pierce Governor made no such allegations, it has failed to demonstrate that the writ would be in aid of our appellate jurisdiction under the rules cited or that it would be appropriate under our jurisdiction in O.A. 1(D) and I.C. 34–1–58–1 and 2.[5] Therefore, its petition for this extraordinary relief is denied.

All petitions are denied.

MILLER, P. J., and SHIELDS, J. (sitting by designation), concur.

---

**5.** O.A. 1(D) and I.C. 34–1–58–1 and 2 would permit us to issue a writ of mandate if the Board failed to perform a duty required by law.