**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**BRIAN W. KAISER**
Angola. Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KRISTIN GARN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KATHY K. BRUNNER, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 93A02-1307-EX-592 |
| | ) | |
| REVIEW BOARD OF THE INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT, | ) ) ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE REVIEW BOARD OF THE
INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT
Cause No. 13-R-2183

**February 27, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Kathy Brunner appeals the denial of her claim for unemployment benefits by the Review Board of the Indiana Department of Workforce Development ("Review Board"). We affirm.

**Issue**

The sole issue is whether the Review Board properly dismissed as untimely Brunner's attempted appeal from a decision by an administrative law judge ("ALJ") to deny her claim for unemployment benefits.

**Facts**

Brunner worked as a truck driver for Trojan Horse, Inc. In October 2012, Trojan Horse informed Brunner that, because of business necessity, she would have to start driving a new route that required her to be away from home for longer periods of time. Brunner refused to accept the new route and quit her employment.

Brunner filed a claim for unemployment benefits. Two separate proceedings were held regarding her claim. In one proceeding, held under case number 13-06183, an ALJ determined that Brunner had not refused to accept other work without good cause and, therefore, Brunner was not disqualified from receiving unemployment benefits. This order was entered on March 18, 2013. Trojan Horse appealed this determination, and the Review Board scheduled a hearing for May 17, 2013. However, Trojan Horse failed to appear for this hearing, and the Review Board affirmed the ALJ's decision.

In the second proceeding, held under case number 12-29595, an ALJ addressed whether Brunner had voluntarily quit her employment without good cause. On April 30,

2013, an ALJ concluded that Brunner had voluntarily quit her employment without good cause and was not entitled to collect unemployment benefits. On May 31, 2013, Brunner faxed a letter to the Review Board stating her intention to appeal the April 30, 2013 ruling. The Review Board dismissed Brunner's appeal as untimely because it was not filed within fifteen days of the adverse ruling, resulting in affirmance of the ALJ's ruling. Brunner now appeals the dismissal of her appeal in case number 12-29595.

**Analysis**

On appeal, Brunner essentially argues that the Review Board should have consolidated the proceedings in case numbers 12-29595 and 13-06183 and that the failure to do so caused confusion to Brunner, given the opposite rulings in the two cases. Brunner argues that this alleged confusion should excuse her failure to timely appeal the ruling in case number 12-29595. As noted by the Review Board, Brunner fails to cite a single authority in her entire brief in support of any of her arguments. Such failure means that the brief lacks cogency and results in waiver of Brunner's arguments. See A.J. v. Logansport State Hosp., 956 N.E.2d 96, 109 (Ind. Ct. App. 2011) (citing Ind. Appellate Rule 46(A)(8)(a)).

Waiver notwithstanding, there is no basis for reversing the Review Board's dismissal of Brunner's appeal. Where the facts are undisputed, dismissal of an appeal by the Review Board for untimeliness is a question of law that we review de novo. See Quakenbush v. Indiana Dep't of Workforce Dev., 891 N.E.2d 1051, 1054 (Ind. Ct. App. 2008). Indiana Code Section 22-4-17-3(b) plainly provides that if a party does not file an appeal from an ALJ's decision to the Review Board within fifteen days after notice of the

3

decision is sent, the ALJ's decision becomes final.[1] Ordinarily, failure to comply with this statute mandates dismissal of an appeal to the Review Board. See id. at 153. In Quakenbush, we excused strict compliance with the statute where the claimant had attempted to file an appeal from the ALJ's decision within the 15-day time limit, but had mistakenly sent the appeal to the wrong office within the Department of Workforce Development. Id. at 1054-55. By contrast, we have held that a claimant's inability to read a notice of the ALJ's decision due to lack of education did not excuse failure to comply with the 15-day deadline, because the claimant "had an affirmative duty to act in some manner to inform herself of [the notice's] contents." Neal v. Review Bd. of Indiana Employment Sec. Div., 153 Ind. App. 630, 635, 288 N.E.2d 561, 563-64 (1972).

The present case is more like Neal than Quakenbush. Unlike in Quakenbush, Brunner made no attempt to appeal the ALJ's order within fifteen days; her earliest attempt to appeal occurred thirty-one days after the decision.[2] Brunner argues this delay should be excused because the rules and regulations governing unemployment insurance proceedings are complex and confusing to a layperson, especially in the present case, where there were two separate pending cases and Brunner had been successful in case number 13-06183 before the ALJ issued the decision in 12-29595 to deny unemployment benefits. If Brunner was confused, however, it was incumbent upon her to seek advice and inform herself of

---

[1] If notice of the ALJ's decision is mailed to a party, it extends the appeal filing deadline by three days. Ind. Code § 22-4-17-14(c).

[2] Brunner makes no argument that notice of this decision was delayed.

what needed to be done to pursue an appeal of the denial of her unemployment benefits claim, as was the case in Neal.

We also note that case number 13-06183 addressed a distinct legal and factual issue from case number 12-29595, and there is no authority for the proposition that the Department of Workforce Development was required to consolidate the cases. In case number 13-06183, the ALJ ruled that Brunner had not failed to accept other available work without good cause, pursuant to Indiana Code Section 22-4-15-2. In case number 12-29595, the ALJ ruled that Brunner had voluntarily quit her employment with Trojan Horse without good cause, pursuant to Indiana Code Section 22-4-15-1. The key difference between the two statutes is that Section 22-4-15-1 governs the preliminary question of whether an individual who has voluntarily quit a job is entitled to any unemployment benefits, while Section 22-4-15-2 governs whether an already-unemployed person is entitled to continue collecting unemployment benefits if he or she has refused to accept new employment. See Martin v. Review Bd. of Indiana Employment Sec. Div., 421 N.E.2d 653, 657 (Ind. Ct. App. 1981). Also, the "good cause" standard under the two statutes is different, with the standard under Section 22-4-15-2 being less strict, i.e. more lenient to claimants, than under Section 22-4-15-1. Id.

An argument could be made that it would have been preferable to finally resolve case number 12-29595, concerning whether Brunner had voluntarily left her employment without good cause, before turning to the issue of whether she had refused to accept new employment without good cause under case number 13-06183. However, there was no legal or factual inconsistency in the different outcomes of the two proceedings. There also

5

was no requirement that the two proceedings be consolidated. The fact that two proceedings were conducted has no effect on the fact that Brunner failed to timely appeal the adverse ruling against her in case number 12-29595.

## Conclusion

Brunner has waived her arguments on appeal. Waiver notwithstanding, the Review Board properly dismissed Brunner's attempted appeal under case number 12-29595. As such, the ALJ's ruling is affirmed that Brunner voluntarily left employment without good cause and, therefore, is not entitled to unemployment benefits.

Affirmed.

ROBB, J., and BROWN, J., concur.