SCHAKEL *v.* REVIEW BD. OF IND. EMP. SEC. DIV.

[No. 20,769. Filed April 9, 1968. Rehearing denied May 10, 1968. Transfer denied June 18, 1968.]

*Lloyd L. DeWester, Jr., Ross P. Walker,* of Indianapolis, for appellant.

*William E. Matheny,* Deputy Attorney General, and *John J. Dillon,* Attorney General, for appellee.

SMITH, J.—This appeal involves a proceeding before The Review Board of The Indiana Employment Security Division to determine the eligibility of the claimant-appellant, George F. Schakel, for benefits under The Indiana Employment Security Act.

The appellant is employed by the Chevrolet Commercial Body Division, General Motors Corporation, but was laid off on July 15, 1966, for inventory and model change in the plant. He remained unemployed until July 25, when he returned to work, and also applied for unemployment compensation benefits for the week ending July 23, 1966. The deputy ruled that the appellant had failed to report to the local office during the week ending July 23, 1966, as required by Regulation 806 and was, therefore, not entitled to unemployment compensation benefits.

The appellant asked that the reporting requirements be waived pursuant to Regulation 805, but the deputy refused to waive the requirements of Regulation 806.

The appellant appealed to the referee, who declined to rule on the question of whether or not there was good cause for granting a waiver. Appellant appealed to The Review Board from the referee's decision. The Review Board upheld the action of the deputy as follows:

"FINDINGS AND CONCLUSIONS: The Review Board finds that claimant herein filed a continued claim for benefits for the week ending July 23, 1966.

It further finds that claimant failed to report to the local office during the above-mentioned week as required by Regulation 806.

It further finds that after claimant reported to the local office on July 25, 1966, the deputy ruled that claimant had not met the reporting requirements of Regulation 806 and refused to waive said Regulation.

It further finds that Regulation 805 provides that a representative of the Board (deputy) may waive said reporting requirements upon a showing of good cause.

The Review Board concludes that the deputy acted within his discretionary powers in refusing said waiver and, even though claimant may have had good cause for failing to report, the Regulation in question does not contemplate that a deputy must waive the reporting requirements upon a showing of good cause.

DECISION: The decisilon of the referee is hereby affirmed this 27th day of February, 1967. It is held that a deputy has the discretion to waive the reporting requirements of Regulation 806 upon a showing of good cause, but said deputy is not required to waive these requirements even upon a showing of good cause."

The appellant now maintains that the decision of The Review Board is contrary to law, and in support thereof urges two propositions: (1) The General Assembly did not delegate unbridled, unreviewable discretion to The Review Board or a representative of The Board to waive registration or reporting requirements; (2) The Review Board abused its discretion in so holding.

Sec. 1402, as found in Burns' Sec. 52-1538a provides:

"Sec. 1402. An unemployed individual shall be eligible to receive benefits with respect to any week only if: He has registered for work at an employment office or branch thereof, or other agency designated by the Board within such time limits and has subsequently reported with such frequency and in such manner; either in person or in writing, as the Board may by regulation prescribe; Provided, That failure to comply with this condition *may* be excused by the Director upon a *showing of good cause* therefor; and Provided, further, That the Board *may by regulation* waive or alter the requirements of this section as to such types of cases or situations with respect to which it finds that compliance with such requirements would be oppressive or would be *inconsistent with the purposes of this Act*" (emphasis supplied).

Pursuant to the above delegated authority, Regulation 806 was adopted. It reads in relevant part as follows:

"Regulation 806. . . . No individual can establish his availability for work with respect to any week claimed unless he has made a personal report during such week at the local office, itinerant office, or special registration point at which his claim is on file; . . . Provided, further, That such requirement for weekly reporting *may* be waived by a representative of the Board upon *a showing of good cause*" (emphasis supplied).

In the light of this framework of legislation and regulations the facts of this case and the finding of the Review Board must be considered. The appellant did not register the week for which he claims benefits. He did register the following week. The record is undisputed that he was laid off for lack of work in a mass layoff of temporary duration (less than four weeks); that he failed to register due to worry over the illness of his brother, who subsequently passed away; and that the deputy has, in fact, waived the requirement of reporting in the past.

Without noting the fact that the Director may waive the requirement in cases of mass layoff or temporary layoff, the Review Board held:

"It is held that a deputy has the discretion to waive the reporting requirements of Regulation 806 upon a showing of good cause, but said deputy is not required to waive these requirements upon a showing of good cause."

The Appellant submits that such an interpretation of the authority delegated in Section 1402 renders the waiver provisions contrary to the intent of the General Assembly, and in violation of Article 3, Section 1 and Article 4, Section 1 of the Indiana State Constitution.

Like other social legislation, the unemployment compensation law should receive a liberal construction in order that it may accomplish its purpose. Legislation designed to accomplish a particular purpose may authorize an administrative agency to provide the details of the

operation of the statute through rules and regulations made and promulgated by the agency. This delegation of power is proper if the statute declares a legislative policy, establishes standards for carrying out the policy, or lays down an intelligible principle to which the agency must conform. Under the above criteria, the legislature may authorize an agency to determine whether facts or circumstances exist upon which the law makes its own action depend; but it cannot confer upon any body or person the power to determine what the law shall be. *State ex rel. Standard Oil Co.* v. *Review Bd.* (1951), 230 Ind. 1, 101 N. E. 2d 60.

In applying the above tests to the statute and regulations involved, we must conclude that there is an illegal delegation of legislative power. See *West* v. *Egan* (1955), 142 Conn. 437, 115 A. 2d 322; *State ex rel. Standard Oil Co.* v. *Review Bd., supra.*

Under Sec. 1402 as found in Sec. 52-1538a Burns' Anno. Stat., the failure of an applicant to register with the unemployment office *may* be excused by the Director upon a showing of good cause. Under this provision, the representative is not only allowed to make an adjudicatory decision; but is also empowered to make the law or determine what such law shall be since the provision does not offer any clear definition of what constitutes "good cause."

As stated in *State ex rel. Standard Oil Co.* v. *Review Bd., supra,* at page 9:

> " 'Good cause' is not defined in the Act. The Board is not authorized to implement the Act by making rules which would lay down conditions and tests of general application to all cases within the legislative framework from which it could be determined to what classes of cases the broad legislative policy above mentioned should not apply. There is no rule or standard, legislative or otherwise, for the ascertainment of what is or is not 'good cause' for waiving or modifying the denial of benefits. It seems to us the choice is left wholly to the unbridled discretion of the Board. The Board may find the facts, but, having found them is without any legal yardstick by which to measure the rights

of the parties. The Act does not state, even in a general way, in what circumstances or under what conditions the Board shall, or even may, waive or modify the denial of benefits. It establishes no criterion to govern the Board's course. It arms the Board with a high-powered vehicle but no road map. The attempted delegation of authority involves more than methods or details. It permits to the Board such a wide discretion as to vest in them the power not only to find the facts, but to make the law which shall be applied to those facts. The range of the Board's discretion as to what constitutes 'good cause' might vary from claim to claim and from day to day, and in the final analysis depend largely, if not entirely, on the changing complexion of the Board itself, for 'good cause' might mean one thing to one mind and something entirely different to another. We think the legislature would have no difficulty in drafting a statute which would not leave to the Review Board the legislative power of choice."

The appellant argues that the Review Board's interpretation of Sec. 1402 is in conflict with the intent of the General Assembly. In looking at the language used in Sec. 1402 it is evident that the General Assembly intended that the registration requirement could be waived upon a showing of "good cause"; but lacking any definition of what constitutes "good cause", the statute fails to meet constitutional requirements. And even if "good cause" were defined by the statute, its permissive aspect empowers the representative of the Review Board with the legislative power of choice. To be legally sufficient, the statute should make waiver of the registration requirement mandatory upon a showing of good cause by the claimant as defined by the statute.

For the above reasons, we are of the opinion that this appeal should be remanded to the Review Board for further action consistent with the views expressed in this opinion.

Cook, P. J., Bierly and Pfaff, JJ., concur.

NOTE.—Reported in 235 N. E. 2d 497.