DOROTHY E. REECE *v.* REVIEW BOARD OF THE EMPLOYMENT SECURITY DIVISION AND HUFFMAN MANUFACTURING CORPORATION.

[No. 2-576A185. Filed March 22, 1977. Rehearing denied May 19, 1977.] Transfer denied July 21, 1977.]

*Clyde Williams, Jr., Williams, Delaney and Simkin,* of Richmond, for appellant.

*Theodore L. Sendak,* Attorney General, *Darrell K. Diamond,* Assistant Attorney General, for appellees.

LOWDERMILK, J.—This case was transferred to this office from the Second District in order to help eliminate the disparity in caseloads among the Districts.

Claimant-appellant, Dorothy E. Reece (Dorothy), appeals from the adverse judgment of the Richmond, Indiana, Employment Security Division (ESD) raising the following issue[1] for our review:

1. Whether, following the initial denial of her claim for compensation benefits, she sought *timely* review before a Referee of the ESD.

The facts necessary for our disposition of this appeal are as follows: On November 27, 1974, Dorothy filed her claim seeking unemployment compensation benefits. On December 12, 1974, Dorothy's claim for compensation benefits was denied by a Deputy of the ESD. Dorothy was *handed* a copy of the Determination Letter denying her benefits by an employee of the ESD on December 18, 1974. From the confusing record, it appears that Dorothy received a copy of the Determination Letter denying her benefits *by mail* on either December 20, 23, 24, or 26, 1974.

On December 26, 1974, Dorothy filed a petition seeking review of the Deputy's decision before a Referee of the ESD. On February 3, 1975, the Referee entered her decision which provided, omitting formal parts, as follows:

"\* \* \*

STATUTORY PROVISIONS INVOLVED: Indiana Code 1971, Title 22, Article 4, Chapter 17-2(e) of the Indiana Employment Security Act. . . .

Claimant appealed deputy's determination, dated December 12, 1974, which held claimant voluntarily left employment without good cause in connection with the work. Claimant appealed in Richmond, Indiana on December 26, 1974. Claimant was heard in Richmond, Indiana on January 27, 1975, and was represented by Clyde Williams, Attorney. Employer did not appear.

FINDINGS AND CONCLUSIONS: The date of the deputy's determination was December 12, 1974. Thereafter the

1. Dorothy also challenges the constitutionality of IC 1971, 22-4-17-2 (e) (Burns Code Ed.) as permitting the ESD to deny her due process law. U.S. CONST. amend. XIV; IND. CONST. art. I, § 12. Owing to our disposition of this appeal, we decline to address Dorothy's constitutional arguments.

claimant filed her appeal on December 26, 1974. Chapter 17-2 (e) of the Indiana Employment Security Act provides that if a determination of the deputy is not appealed within ten (10) days after the date the determination is mailed or otherwise "delivered," the determination becomes final. After a determination becomes final, the referee has no jurisdiction to hear the case on its merits. (*Steel Transpor[t]ation Co., Inc.* v. *Review Board, Indiana Employment Security Division* (1962), [134] Ind. App. [95], 186 N.E. 2d 174)

DECISION: *The determination of the deputy became final ten (10) days after December 12, 1974.* The referee has no jurisdiction except to dismiss this appeal. This appeal is dismissed. (Our emphasis.)

\* \* \*"

On April 7, 1976, the Full Review Board sustained the Referee's decision.

IC 1971, 22-4-17-2 (e) provides, *inter-alia,* as follows:

"(e) *In cases where the claimant's benefit eligibility or disqualification is disputed, the division shall promptly notify the claimant . . . unless the claimant or such employer within ten [10] days after such notification was mailed to his or its last known address, or otherwise delivered to him or it, asks a hearing before a referee thereon, such decision shall be final and benefits shall be paid or denied in accordance therewith. . ."* (Our emphasis.)

In the case at bar the Referee, and upon appeal the Full Review Board, decided that a Deputy's decision that a claimant was not entitled to unemployment compensation benefits became final ten [10] days after the Deputy's Determination Letter was deposited in the mail. As authority for its position appellee relies upon the case of *Steel Transportation Co.* v. *Review Board of the Indiana Employment Security Division* (1962), 134 Ind. App. 95, 186 N.E.2d 174. The *Steel Transportation* case is devoid of any facts which surrounded the controversy of the parties herein. Rather, the opinion held only that the claimant had not filed notice of his intention to appeal within the statutory ten [10] day period, without reaching the critical issue before this court of *when* the ten [10] day limitation period begins to run.

IC 1971, 22-4-17-2(e), *supra,* is ambiguous as to exactly when the ten [10] day limitation period starts to run. If this court should look only at that part of subsection (e) which provides that "unless the claimant . . . within ten [10] days after such notification was mailed to his . . . last known address," we could agree with the Review Board that the ten [10] day limitation period starts to run upon the deposit of the Division Deputy's Determination Letter in the mail. However, subsection (e) also provides that "the division shall promptly *notify the claimant,"* and further that, "unless the claimant . . . within ten [10] days after such notification was mailed to his . . . last known address, *or otherwise delivered to him* . . ., asks [for] a hearing before a referee thereon, such decision shall be final . . ." This statutory language would indicate that our legislature contemplated that an unemployment compensation claimant would have ten [10] days to seek review of the denial of benefits from the date the Division Deputy's Determination Letter was delivered to him.

Having determined that IC 1971, 22-4-17-2(e) is fairly susceptible to more than one reasonable interpretation, it is the duty of this court to construe subsection (e) in such a manner as will promote the intention of our legislature in enacting the Employment Security Act.[2]

In construing the language of an ambiguous statute this court is guided by several fundamental maxims of statutory construction.

The Employment Security Act represents social legislation, and therefore merits a liberal construction to promote its underlying humanitarian purposes. IC 1971, 22-4-1-1 (Burns Code Ed.) ; *Hacker* v. *Review Bd. of Indiana Employment Sec. Division* (1971), 149 Ind. App. 223, 271 N.E.2d 191, 195. In *Nordhoff* v. *Review Board of Indiana Employment Security*

---

2.   22-4-1-1 *et seq.* (Burns Code Ed.).

*Division* (1959), 130 Ind. App. 172, 162 N.E.2d 717, at 722, the underlying purposes of the Act were described as follows:

> ". . . to alleviate the distressing consequences to the health, welfare, morale and public order of the involved individual and the people generally brought about by unemployment and consequent loss of wages and income of those who become unemployed through no fault of their own. . . ."

See, also, *Schakel* v. *Review Bd. of Indiana Employment Sec. Division* (1968), 142 Ind. App. 475, 235 N.E.2d 497, 500.

Also, a statutory construction which will result in harsh, unjust, or absurd consequences should be avoided if possible. *Chaffin* v. *Nicosia* (1974), 261 Ind. 698, 310 N.E.2d 867, 870; *State ex rel. Clark* v. *Stout* (1933), 206 Ind. 58, 187 N.E. 267, 268; *Fogle* v. *Pullman Standard Car Mfg. Co.* (1961), 133 Ind. App. 95, 173 N.E.2d 668, 672. For example, assume a claimant seeks compensation benefits on March 1, 1977, and the Division Deputy denies his claim and deposits the Determination Letter in the mail the same day. Further, assume that the claimant received the Division Deputy's Determination Letter denying him benefits on March 12, 1977. If we should adopt the construction of subsection (e) urged upon us by appellee, the claimant, through absolutely no fault of his own, would be denied the right to seek review of the Deputy's decision because his time for seeking such review would have expired under subsection (e) on March 11, 1977.

It is the opinion of this court that our legislature could not have intended the limitation period found at IC 1971, 22-4-17-2 (e), *supra,* to commence running upon the Division Deputy's depositing in the mail a claimant's Determination Letter denying him unemployment compensation benefits. For this court to so construe subsection (e) could lead to harsh and unjust results, and defeat the underlying humanitarian purpose upon which the Employment Security Act is founded. Rather, in performing our duty of giving a reasonable construction to otherwise ambiguous statutory language, we hold that it would be more in keeping

with the purposes underlying the Employment Security Act that the time limitation found at IC 1971, 22-4-17-2(e), *supra*, begins to run upon the *delivery* of a compensation claimant's Determination Letter which denies him benefits rather than upon its mere *deposit* in the mail.

The record, viewed most favorably to the decision of the Review Board, discloses that Dorothy received notice of the Division Deputy's Determination Letter which denied her compensation benefits by hand, on December 18, 1974, and by mail, on December 20, 1974. In either case, Dorothy's petition seeking review of the Deputy's decision filed December 26, 1974, was timely.

We wish to emphasize that we do not hold in this opinion that a claimant's right to seek review of a Division Deputy's decision denying him unemployment compensation benefits may not be conditioned upon his meeting reasonable time limitations.

Reversed and remanded to the Full Security Board for further proceedings not inconsistent with this opinion.

Lybrook, J., concurs; Robertson, C.J., dissents with opinion.

## DISSENTING OPINION

ROBERTSON, C.J.—I respectfully dissent from the foregoing opinion for the reason that I do not find IC 1971, 22-4-17-2(e) ambiguous. Two clear alternatives of notice to a claimant exist. The statute leaves no doubt when the prescribed 10 day period begins in either instance. Such being the case, the Full Review Board did not err in dismissing the appeal under the holding of *Steel Transportation Co. v. Review Board of the Indiana Employment Security Division* (1962), 134 Ind. App. 95, 186 N.E.2d 174.

It is my belief, however, that the facts of this case present a harsh instance of a denial of a full review, possibly due to no fault of either party. The late December holiday season, a

period not noted for peak postal efficiency, and, conceivably, harsh weather conditions are factors which, when added to the apparent general decline in the expeditious handling of the mails, operated to the detriment of the claimant.

Perhaps the question of whether the 10 day period is sufficient, from a claimant's viewpoint, should be closely examined.

NOTE.—Reported at 360 N.E.2d 1262.