Michael H. O'DONOGHUE, Appellant,

v.

REVIEW BOARD OF the INDIANA EM-PLOYMENT SECURITY DIVISION, William H. Skinner, David L. Adams and Paul M. Hutson, as members of and as constituting the Review Board of the Indiana Employment Security Division, and Prophet Foods, Appellees.

No. 2–180A19.

Court of Appeals of Indiana, Third District.

July 17, 1980.

L. Peter Iverson, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Stephen J. Cuthbert, Deputy Atty. Gen., Indianapolis, for appellees.

GARRARD, Presiding Judge.

This is an unemployment compensation appeal. The Review Board dismissed the appeal on grounds that it was not filed within 15 days after the mailing of the referee's decision. The record shows the decision was mailed on October 30, 1979, and the appeal was filed November 15, 1979, sixteen days later. The record does not disclose when the decision was received by O'Donoghue, but because of the dates involved it is apparent that if the notification were delivered the day after it was mailed, his appeal was filed within fifteen (15) days after notification.

We find our decision should be controlled by that in *Reece v. Rev. Bd.* (1977), Ind. App., 360 N.E.2d 1262. Accordingly, we reverse and remand.

In *Reece* the First District was called upon to review the Employment Security Act provision, IC 22–4–17–2, dealing with an appeal of the original determination of benefit eligibility by a deputy to a hearing before a referee. O'Donoghue's present appeal concerns the next section of the Act, IC 22–4–17–3 and the next step of appeal: appealing the decision of the referee to the full review board.

Judge Lowdermilk writing for the court in *Reece* concluded that the requirement of IC 22–4–17–2 that the appeal be taken within ten days "after such notification was mailed to his or its last known address or otherwise delivered to him or it" was ambiguous as to when the period to perfect an appeal would commence to run.

Based then upon the humanitarian purposes of the Act and the rule of statutory construction which seeks to avoid harsh, unjust, or absurd consequences, the court held that the time limitation for perfecting an appeal commenced to run with the delivery of a claimant's Determination Letter rather than upon its mere deposit in the mail. 360 N.E.2d 1265.

Although the language of IC 22–4–17–3 is in comparison somewhat abbreviated, it embodies precisely the same quandary as that of the preceding section construed in *Reece*. It states,

"The parties shall be duly notified of such decision and the reasons therefor, which shall be deemed to be the final decision of the review board *unless within fifteen [15] days after the date of notification or mailing of such decision*, an appeal is taken . . . ." (Our emphasis).

Thus, upon the authority of *Reece* we hold that claimant had fifteen (15) days

after notification of the referee's decision within which to appeal to the review board. We therefore reverse the dismissal and remand to the review board for further proceedings consistent herewith.

Reversed and remanded.

STATON, J., concurs.

HOFFMAN, J., dissents and files separate opinion.

HOFFMAN, Judge, dissenting.

I respectfully dissent.

I do not find any ambiguity in the statute. The plain language says the time begins to run when the decision is mailed. *Reece v. Review Bd. of Employment Sec. Div.* (1977), Ind.App., 360 N.E.2d 1262 does not discuss the phrase "after such notification was mailed to his . . . last known address." This clearly indicates mailing and not receiving.

I would affirm the Review Board.