John I. RICH, Claimant-Appellant,

v.

REVIEW BOARD OF the INDIANA EM-
PLOYMENT SECURITY DIVISION,
Defendant-Appellee.

No. 2–1080A339.

Court of Appeals of Indiana,
First District.

April 15, 1981.

John P. Bushemi, Merrillville, for claim-
ant-appellant.

Linley E. Pearson, Atty. Gen., George B.
Huff, Jr., Deputy Atty. Gen., Indianapolis,
for defendant-appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Claimant-appellant John I. Rich brings
this appeal from the decision of the defend-
ant-appellee Review Board of the Indiana
Employment Security Division reversing
the determination of a referee that Rich
was qualified for benefits under the Federal
Trade Act of 1974.

We reverse.

## STATEMENT OF THE FACTS

In early 1980, John I. Rich was employed
by both the United States Steel Corporation
and the Gary Community School Corpora-
tion. Rich was laid off by U. S. Steel on
April 25, 1980, and remained on layoff sta-
tus until September 15, 1980, when he was
called back to work. Rich had a contract to
teach for the school corporation through
June 13, 1980. In the spring of 1980, the
school corporation sent Rich a contract for
the 1980–81 school year, which he returned
unexecuted because he had not made suffi-
cient progress toward earning his master's
degree to qualify for renewal of his teach-
ing certificate.

Rich applied for unemployment compen-
sation and the federal trade readjustment
allowance.[1] The claims deputy determined
on July 10, 1980, that Rich had voluntarily
left his teaching job without good cause.

---

1. This allowance is provided for by the Federal
Trade Act of 1974, the relevant provisions of
which are found at 19 U.S.C. § 2271 *et seq.* It
is "available to adversely affected workers
whom the Secretary of the U. S. Department of
Labor certifies to have lost their jobs because

of a decrease in production or sales caused by
'increases of imports or articles like or directly
competitive with articles produced by such
workers' firm.' 19 U.S.C. § 2272." *Hulet v.
Review Bd. of the Ind. Employment Security
Div.*, (1980) Ind.App., 412 N.E.2d 289, 290.

Rich immediately requested a hearing before an appeals referee.

The referee rendered two decisions on July 31, 1980, both of which were mailed August 1, 1980. First, he decided that the determination by the deputy of Rich's ineligibility for unemployment compensation in connection with his teaching job should be affirmed. Secondly, he decided that Rich's simultaneous employment by U. S. Steel and the school corporation and his separation from the latter had no effect upon his claim for the federal trade readjustment allowance. Consequently, the referee decided that the determination of the deputy on this latter question should be reversed, and that Rich, if otherwise eligible, was qualified for the trade readjustment allowance.

On August 7, 1980, the referee *sua sponte* amended his findings and conclusions concerning the trade readjustment allowance by changing the date of Rich's layoff from U. S. Steel from May 19, 1980, to April 25, 1980. The referee's determination was not otherwise amended. This amended decision was mailed on August 8, 1980.

On August 22, 1980, the Director of the Indiana Employment Security Division appealed the referee's decision on the trade readjustment allowance to the Review Board. The Review Board reversed the referee's decision on September 3, 1980. Rich now appeals the Review Board's decision to this court.

## STATEMENT OF THE ISSUE

Rich raises five issues on appeal. However, because of our resolution of the first issue, we need not decide the other four. The dispositive issue in this case is whether or not the Director of the Indiana Employment Security Division timely filed his appeal to the Review Board from the appeals referee's decision.

## DISCUSSION AND DECISION

The statute establishing the time limits for appealing a referee's decision, Ind.Code 22–4–17–3, reads as follows:

"22–4–17–3 Administrative appeal; disputed claims

"Sec. 3. Unless such request for hearing is withdrawn, a referee, after affording the parties a reasonable opportunity for fair hearing, shall affirm, modify or reverse the findings of fact and decision of the deputy. The parties shall be duly notified of such decision and the reasons therefor, which shall be deemed to be the final decision of the review board, unless within fifteen (15) days after the date of notification or mailing of such decision, an appeal is taken by the board or the director or by any party adversely affected by such decision to the review board."

The Director's appeal was filed on August 22, 1980, which was twenty-one days after the referee's original decision was mailed and fourteen days after the amended decision was mailed. Thus, the Director's appeal was timely filed only if the amended decision restarted the fifteen day period for filing such appeals.[2] The Review Board contends the referee's *sua sponte* amendment of his decision changed its outcome and is a new final decision from which either party may appeal within fifteen days.

As we noted earlier, the only effect of the amendment was to correct the date on

2. In *O'Donoghue v. Review Bd. of the Ind. Employment Security Div.*, (1980) Ind.App., 406 N.E.2d 1267 (petition to transfer pending), this court held that where the referee's decision is mailed to the claimant, the latter has fifteen days from the date of notification (*i. e.*, delivery)—rather than from the date of mailing—in which to appeal to the Review Board. There the appeal was filed sixteen days after the date of mailing of the decision. The court noted that, although there was no evidence of the date of receipt of the decision, the appeal was filed within fifteen days of notification even if the decision had been received the day after it was mailed.

The Director filed his appeal in Rich's case twenty-one days after the mailing of the referee's original decision, and the Review Board has not argued that the Director received notification fifteen or fewer days prior to his filing the appeal. Accordingly, we assume that the appeal was not timely filed with respect to the original decision.

which Rich was laid off by U. S. Steel. The referee held for Rich in both the original and the amended decisions on the trade readjustment allowance claim, and the Review Board has not explained how the outcome was changed by the amendment.

In *Bogdon v. Ramada Inn, Inc.*, (1981) Ind.App., 415 N.E.2d 767, the employee, Bogdon, filed a workmen's compensation claim, which was denied by a single hearing member of the Industrial Board. Bogdon filed an application for review by the Board within the statutory twenty day period after the negative award was entered by the single hearing member. However, three days after Bogdon filed his application, the single hearing member *sua sponte* entered a corrected award in which he changed the date of the alleged injury from May 31 to March 31. Bogdon did not file an application for review of the corrected award, and the Full Industrial Board adopted the decision of the single hearing member.

Bogdon appealed to this court, and Ramada argued that Bogdon failed to preserve any issue for appeal inasmuch as he did not file an application for review of the single hearing member's corrected award. Ramada explained that an application for review must be filed after a final award is entered, and the original award was not final. We responded to these assertions as follows:

"It is true that a late filing of a Form 16 application for review by the Board confers no jurisdiction on the Board or the Court of Appeals. *Gould Motor Company v. Vierra*, (1959) 129 Ind.App. 410, 157 N.E.2d 204. We are of the opinion that the corrected award, entered *sua sponte* by the single hearing member to correct the word *May* to *March*, was simply a correction of a typographical error. We see no reason why the Board may not correct mistakes in their record as does a court. A court's correction of an error *nunc pro tunc* relates back to the time of the original entry. *Ford v. State*, (1979) Ind.App., 390 N.E.2d 676."

*Id.* at 771. For this and other reasons, we reversed the award and remanded the cause for a new hearing.

Rich has shown that the Director's appeal was not filed within fifteen days of the mailing of the referee's original decision. The Review Board, despite its protests, has failed to show how the referee's correcting the date on which Rich was laid off affected the result in the referee's decision or otherwise caused the Director to delay filing his appeal beyond fifteen days from the mailing of the referee's original decision. The amendment appears to have been intended merely to correct an insignificant error in the original decision, as was the case in *Bogdon, supra*. We conclude that the Director was required, despite the amendment of the referee's decision, to file his appeal within fifteen days of the date of notification or mailing of the referee's original decision. To hold otherwise would be to countenance unnecessary delays in reaching a final determination of unemployment compensation or similar claims any time an insignificant error in a referee's decision is corrected. Under IC 22–4–17–3, the referee's decision became final prior to the Director's appeal, and the Review Board was without jurisdiction to review the referee's decision. *Neal v. Review Board of the Indiana Employment Security Division*, (1972) 153 Ind.App. 630, 288 N.E.2d 561, *trans. den.* (1973); *see also, Steel Transportation Company v. Review Board of the Indiana Employment Security Division*, (1962) 134 Ind.App. 95, 186 N.E.2d 174.

We reverse the decision of the Review Board, remand the case, and direct the Review Board to reinstate the decision of the referee.

NEAL, P. J., and ROBERTSON, J., concur.