Betty L. SMITH, Appellant
(Claimant below),

v.

REVIEW BOARD OF THE INDIANA
EMPLOYMENT SECURITY DIVISION
and W. R. Thomas Stores, Inc., Appel-
lees.

No. 2-581A173.

Supreme Court of Indiana.

Sept. 2, 1982.

John P. Geberin, Bowser, Geberin & Dal-
ton, Warsaw, for appellant.

Linley E. Pearson, Atty. Gen., Michael
Gene Worden, Deputy Atty. Gen., Indianap-
olis, for appellees.

HUNTER, Justice, dissenting to denial of
transfer.

I must respectfully dissent from this
Court's denial of Betty L. Smith's petition
to transfer. Therein, she seeks review of
the Court of Appeals' order that her appeal
be dismissed. Transfer should be granted,
Smith's appeal should be instated, the Re-
view Board of the Indiana Employment Se-
curity Division should be directed to supply
this Court with the transcript of Smith's
proceedings, and the denial of her claim
should be reviewed on its substantive mer-
its.

Smith's attempt to gain judicial review
has been dismissed for noncompliance with
Ind. Code § 22-4-17-11 (Burns 1974),
which required her to file notice of her
intention to appeal the Board's decision
within fifteen days of the date the decision
was mailed to her. The ignominy of dis-
missal befalls her in spite of the fact that
she did not receive the notice until seven
days of the fifteen-day period had elapsed
and in spite of the fact that on the fifteenth
day, she sent her notice of appeal by certi-
fied mail, return receipt requested. *Some-
thing is fundamentally wrong here.*

The documents before this Court reveal
that on April 10, 1981, the Review Board
issued its decision on Smith's claim for un-
employment compensation. Therein, the
Board reversed the referee's resolution of
Smith's claim and concluded that she was
not entitled to unemployment compensa-
tion. The decision was mailed to Smith
three days later—April 13, 1981.

Smith affirms "under the penalties for
perjury" that the notice of the Board's deci-
sion was not received at her residence in
Warsaw, Indiana, until April 20, 1981—sev-
en days after it had been mailed.

On April 28, 1981, the fifteenth day after
the decision of the Board had been mailed
to her, Smith mailed her "Notice of Inten-
tion to Appeal" and "Request for Tran-
script" to the Review Board, sitting in Indi-
anapolis. The notice and request were sent
by certified mail, as evidenced by copies of
the receipts which were filed with the Court
of Appeals.

On May 5, 1981, the Review Board re-
sponded by letter to Smith's notice of inten-
tion to appeal and her request for the tran-
script of the proceedings:

"Dear Mr. Geberin [counsel for Smith]:

"Your request to appeal the subject case
to the Indiana Court of Appeals was re-
ceived by the Review Board May 1, 1981.

"This is to advise that a notice of inten-
tion to appeal a decision of the Review
Board to the Indiana Court of Appeals
must be received in this office within
fifteen (15) days after the mailing date of
said Board's decision. The decision in
this case was mailed April 13, 1981, there-
fore, the last day on which a timely ap-
peal could have been filed was April 28,
1981.

"The Review Board has no authority to
extend or modify the statutory require-
ments of Chapter 17, Section 11, of the
Indiana Employment Security Act.

"Since the Board's decision became final
on April 28, 1981, it has no further juris-
diction.

"Very truly yours,

## "INDIANA EMPLOYMENT SECURITY DIVISION"

Smith then sought relief from the Court of Appeals. She filed a "Petition for Writ in Aid of Appellate Jurisdiction" seeking to obtain the transcript of the proceedings, as necessary to perfect her appeal, and a "Petition for Extension of Time to File Transcript and Assignment of Errors." Appellee Review Board responded with documents opposing Smith's petitions and filed a Motion to Dismiss and Affirm its decision.

By written order, the Court of Appeals denied Smith's petition to obtain the transcript and granted the Review Board's Motion to Dismiss. Its order, like that of the Review Board, was predicated on the fact that Smith had failed to place notice of her intention to appeal in the custody of the Review Board within fifteen days after the Board's decision was mailed to her. Like the Board, the Court of Appeals relied on Ind. Code § 22–4–17–11 (Burns 1974) for its decision.

The statute reads in pertinent part:

"Sec. 11. Any decision of the review board, in the absence of appeal therefrom as herein provided, shall become final fifteen (15) days after the date such decision is mailed to the interested parties. Provided, however, That if the board or the director or any party adversely affected by such decision *files with the review board, at any time prior to the expiration of fifteen (15) days from the date of mailing of such decision,* a notice of an intention to appeal from such decision, such action shall stay all further proceedings . . . ." *Id.* [emphasis added].

The interpretation of the phrases "files with the review board" within "fifteen (15) days from the date of mailing" which the Review Board and Court of Appeals has implemented is not outside of case precedent. *Smith v. Review Board of Ind. Emp. Sec. Div.,* (1974) 159 Ind.App. 282, 306 N.E.2d 140; *see generally, Teepe v. Review Board of Ind. Emp. Sec. Div.,* (1964) 136 Ind.App. 331, 200 N.E.2d 538. Neither has

the precise factual question before us been heretofore resolved in this jurisdiction. The question before us is not one to be submerged in the subtleties of *stare decisis,* however, for the extraordinarily harsh consequences imposed on Smith by the exacting application of the statutory language, when measured against the purposes and policies of the Employment Security Act, demand a re-examination of the procedural time frame established in Ind. Code § 22–4–17–11, *supra.*

One obvious frailty of the statute lies in the provision that the fifteen-day period in which to provide notice of appeals begins to run "from the date of mailing of such decision." *Id.* The proviso perhaps accommodates the Board's need for an ascertainable date from which to measure the fifteen-day period. On the other hand, it is self-apparent that the fact the fifteen-day period begins to run from the date the decision is mailed bears adverse ramifications for claimants and employers who are located at the perimeters of the state and are removed from major distribution centers of the postal system. The time required by the postal system to deliver the decision may consume a significant portion of the fifteen-day notice period, particularly when the normal delivery period is extended by the delays inherent to the massive task which daily confronts the postal system. Here, for instance, Smith, who resides roughly one hundred miles from Indianapolis, lost seven days of the fifteen-day period in which she had to respond.

A remedy is available to cure the defect. The period in which to provide notice of appeal should begin to run only upon receipt of the decision—assuming the claimant must place the notice in the custody of the Board within the prescribed period. After all, "What was sauce for the goose was sauce for the gander";[1] the unilateral diminishment of time suffered at the claimant's end of the fifteen-day period only defeats the purpose of the statute—to provide fifteen days in which to determine whether the Board's decision should be ap-

---

1. Head & Kirkman, *The English Robe,* pt. ii, line 120 (1671).

pealed. For that reason, the Court of Appeals held in *Reece v. Review Board of Ind. Emp. Sec. Div.*, (1977) 172 Ind.App. 503, 360 N.E.2d 1262, that the ten-day period defined in Ind. Code § 22–4–17–2(e) (Burns 1974), which governed notices of appeals from a deputy's determination of an unemployment compensation claim, did not begin to run until receipt of the deputy's decision.[2] Likewise, in *O'Donoghue v. Review Board of Ind. Emp. Sec. Div.*, (1980) Ind. App., 406 N.E.2d 1267, the Court of Appeals held that the fifteen-day period defined in Ind. Code § 22–4–17–3 (Burns 1974), which governs notices of appeal from a referee's resolution of an unemployment compensation claim, does not begin to run until actual notification of the decision.

The loss of time suffered by the claimant located in the outlying areas of the state is further exacerbated by an interpretation of Ind. Code § 22–4–17–11, *supra,* which requires the notice of intent to appeal be placed in the custody of the Review Board within fifteen days. Given that counsel for the claimant or employer may be occupied by other matters and that a determination of whether to seek judicial review may require some deliberation and consultation, the ability to file the notice of appeal by mail may be preempted by fear that the notice will not reach the Review Board within the fifteen-day time frame. The need to expedite delivery may force a claimant or employer to resort to more expensive means of transporting the notice of appeal to Indianapolis, such as hand delivery. The expense is not only wasteful; in the case of the unemployed claimant, at least, it imposes an unnecessary burden on an already strapped family budget, contrary to the very purpose and policy of the Employment Security Act. Ind. Code § 22–4–1–1 *et seq.* (Burns 1974).

Juxtaposed with these considerations and circumstances must be the purpose of the fifteen-day rule. There is no substantive consequence to the time frame; rather, it is an arbitrarily defined period designed to facilitate the expedited processing of claims. That procedural goal is a significant one, of course. As our legislature has expressly recognized, unemployment and its companion—economic insecurity—are a "serious menace to the health, morale, and welfare of the people," and, in turn, "to the maintenance of public order within this state." *Id.* For that reason, the legislature has established a system for the speedy disposition of claims, complete with the mandate that unemployment compensation claims be advanced on appellate court dockets. Ind. Code § 22–4–17–12 (Burns 1974).

It is doubtful that the legislature intended the speedy disposition of claims to operate as the be-all and end-all of its statutory scheme, however, and to override a claimant's ability to obtain judicial review. That result flies in the face of the purposes and policy of the Act defined in Ind. Code § 22–4–1–1, *supra;* likewise, it pays short shrift to the repeatedly stated rule of law that the provisions of the Employment Security Act are to be liberally construed and applied in favor of the employee-claimant so that the humanitarian purposes of the Act will be effectuated. *See, e.g., Bowen v. Review Board of Ind. Emp. Sec. Div.*, (1977) 173 Ind.App. 166, 362 N.E.2d 1178; *Hacker v. Review Bd. of Ind. Emp. Sec. Div.*, (1971) 149 Ind.App. 223, 271 N.E.2d 191; *Schakel v. Review Bd. of Ind. Emp. Sec. Div.*, (1968) 142 Ind.App. 475, 235 N.E.2d 497; *Nordhoff v. Review Bd. of Ind. Emp. Sec. Div.*, (1959) 130 Ind.App. 172, 162 N.E.2d 717.

Equally well settled is the rule of statutory construction that the legislature, as a reasonably minded body, does not intend its enactments to be applied illogically or in a manner which renders harsh and unjust consequences. *Chaffin v. Nicosia,* (1974) 261 Ind. 698, 310 N.E.2d 867; *In re Adoption of Jackson,* (1972) 257 Ind. 588, 277 N.E.2d 162. It was these principles which prompted our Court of Appeals in *Reece v. Review Board of Ind. Emp. Sec.*

---

**2.** Twenty days are now provided to the claimant or employer. Ind. Code § 22–4–17–2(e) (Burns 1982 Supp.)

*Div., supra,* and *O'Donoghue v. Review Board of Ind. Emp. Sec. Div., supra,* to rule that the respective notice periods at issue in those cases did not begin to run until receipt of the determination. Likewise, this Court has recognized that the intent of the legislature predominates over any literal application of administrative notice statutes which would defeat that intent. *Ball Stores, Inc. v. State Board of Tax Commissioners,* (1974) 262 Ind. 386, 316 N.E.2d 674. In *Ball Stores, Inc.,* this Court refused to invoke an unambiguous thirty-day notice of appeal provision when the final day fell on a Sunday:

> "The harsh result due to the Tax Board's interpretation is clearly repugnant to the legislative intent that the taxpayer have thirty days to deliver statutory notice." *Id.* 262 Ind. at 393, 316 N.E.2d at 678.

*Accord, City of South Bend v. Users of Sewage Disposal,* (1980) Ind.App., 402 N.E.2d 1267.

To hold that a procedural technicality unrelated to any substantive aspect of Smith's unemployment compensation claim operates to defeat her right to judicial review defies the legislature's intent to provide claimants with a fifteen-day period in which to file notice. As it is, Smith received less time (eight days) than was accorded her in either of her appeals within the Employment Security Division under Ind. Code § 22–4–17–2, *supra,* ten days from receipt of deputy's determination) and Ind. Code § 22–4–17–2, *supra,* (ten days from receipt of referee's decision). Coupled with this irony is the paradox that while her use of certified mail, return receipt requested, is regarded as improper filing under Ind. Code § 22–4–17–11, *supra,* any pleadings filed once the appeal was "perfected" could have been sent by registered or certified mail, return receipt requested. Ind.R.Ap.P. 12(C), as incorporated by reference in Ind. Code § 22–4–17–12 (Burns 1974) (appeal provided "under the same terms and conditions as govern appeals in ordinary civil actions").

Thus, under the principles which are employed with regard to Ind. Code § 22–4–

17–2 or 3, *supra,* or Ind.R.Ap.P. 12(C), Smith's notice of appeal would have been properly and timely filed; instead, her right to judicial review falls victim to the statutory language of Ind. Code § 22–4–17–11, *supra,* and the literal and unyielding application of it employed in our courts. The result is contrary to the intent of the legislature and antithetical to the proposition that the Employment Security Act is to be liberally construed in favor of the claimant.

To give effect to these considerations in the circumstances before us would not violate the requirement of strict compliance with the statutorily defined procedures to obtaining judicial review of administrative proceedings. *Smith v. Review Board of Ind. Emp. Sec. Div., supra; Teepe v. Review Board of Ind. Emp. Sec. Div., supra.* It must be remembered that the right to judicial review is the product of a larger and more basic concept—due process. It follows that the defective notice of a decision which obstructs or precludes an effective appeal is a denial of due process of law, as the United States Supreme Court recognized in *Mullane v. Central Hanover B. & T. Co.,* (1950) 339 U.S. 306, 314–5, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873:

> "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Milliken v. Meyer,* 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278, 132 A.L.R. 1357; *Grannis v. Ordean,* 234 U.S. 385, 34 S.Ct. 779, 58 L.Ed. 1363; *Priest v. Las Vegas,* 232 U.S. 604, 34 S.Ct. 443, 58 L.Ed. 751; *Roller v. Holly,* 176 U.S. 398, 20 S.Ct. 410, 44 L.Ed. 520. The notice must be of such nature as reasonably to convey the required information, *Grannis v. Ordean,* 234 U.S. 385, 34 S.Ct. 779, 58 L.Ed. 1363, supra, and it must afford a reasonable time for those interested to make their appearance. *Roller v. Holly,* 176 U.S. 398, 20 S.Ct. 410, 44 L.Ed. 520, supra, and cf. *Goodrich v. Ferris,* 214 U.S. 71, 29 S.Ct. 580, 53 L.Ed. 914. But if with due

regard for the practicalities and peculiarities of the case these conditions are reasonably met, the constitutional requirements are satisfied. 'The criterion is not the possibility of conceivable injury but the just and reasonable character of the requirements, *having reference to the subject with which the statute deals.*' " [Emphasis added.]

Given the fact that Smith's notice period was substantially diminished and that her notice was sent by certified mail, return receipt requested, together with the rule that unemployment statutes are to be liberally applied in favor of the claimant, due process also warrants that Smith's appeal be instated.

Lacking a majority here, the legislature should act to cure the procedural inequities which arise from the language utilized in Ind. Code § 22–4–17–11, *supra.* Some semblance of procedural equity must be injected into the statute's workings. The statute could be amended to provide that the fifteen-day notice period begins to run from the date the Board's decision is received; concomitantly, the Review Board could be required to mail its decision by registered or certified mail, return receipt requested, to provide an objective method of ascertaining when the fifteen-day period begins to run. At the very least, the statute should be amended to provide that the mailing of the notice of appeal is timely if it is sent by registered or certified mail, return receipt requested, within fifteen days after receipt. An equitable balance must be struck; the statute's amendment must be effectuated lest the concept of the Employment Security Act as humanitarian legislation be reduced to an empty shibboleth.

For all the foregoing reasons, I dissent. The Court of Appeals' dismissal should be reversed and vacated, the Review Board should be directed to supply Smith with a transcript of the administrative proceedings, and her appeal should be instated and addressed on its substantive merits.

I dissent.