**Garry W. MALCOM, Appellant,**

v.

**REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION, David L. Adams and Paul M. Hutson, as Members of and as constituting the Review Board of the Indiana Employment Security Division,**

**and**

**Rush Industries, Appellees.**

**No. 2–385A97.**

Court of Appeals of Indiana,
First District.

June 26, 1985.

Douglas A. Mulvaney, Stutsman & Stevens, Elkhart, for appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellees.

ROBERTSON, Judge.

Claimant-appellant Garry Malcom (Malcom) appeals from the decision of the Re-

view Board for the Indiana Employment Security Division, finding that Malcom was discharged for just cause and denying him unemployment compensation benefits.

We reverse.

Malcom was discharged from Rush Industries, and he filed a claim for unemployment benefits with the Indiana Employment Security Division. On November 2, 1984, a Deputy for the Employment Security Division found that Malcom was eligible to receive benefits because he had not been discharged for just cause. On November 27, Rush Industries filed a letter with the Employment Security Division indicating its intention to appeal the Deputy's decision. A hearing was held by the Appeals Referee, who reversed the Deputy's decision and found that Malcom was ineligible to receive unemployment compensation benefits. Malcom appealed the referee's decision to the Review Board; the Review Board adopted the findings of the Appeals Referee. Malcom then sought judicial review, contending that Rush Industries did not file its appeal of the Deputy's decision in a timely manner and further that the denial of unemployment compensation was contrary to law. Because of our disposition of the jurisdictional issue, we decline to reach the merits of this cause.

■ The administrative procedures of the Employment Security Division provide three opportunities for appeal: appeal of the Deputy's decision to the Appeals Referee; appeal of the referee's decision to the Review Board; and appeal of the Review Board's decision to the court of appeals. The time period for perfecting each appeal is statutorily defined. When a statute contains a requirement that notice of intention to appeal shall be filed within a certain time, strict compliance with the requirement is a condition to the acquiring of jurisdiction, and non-compliance with the requirement results in dismissal of the appeal. *Teepe v. Review Board of Employment Security Division*, (1964) 136 Ind.

App. 331, 200 N.E.2d 538; *Steel Transp. Co. v. Review Board of Employment Security Division*, (1962) 134 Ind.App. 95, 186 N.E.2d 174. Thus, an analysis of the applicable statutes and the cases applying them is imperative where, as in the instant case, an appeal is challenged as untimely.

■ IND. CODE § 22–4–17–11 (1982) describes the time limitation imposed given an appeal from the Review Board to the court of appeals:

> Any decision of the review board in the absence of appeal therefrom as herein provided, shall become final fifteen (15) days after the date such decision is mailed to the interested parties.... [I]f ..., at any time prior to the expiration of fifteen (15) days from the date of mailing of such decision, a notice of intention to appeal from such decision [is filed], such action shall stay all further proceedings....

The statute unambiguously indicates that the fifteen day period begins to run from the date the Review Board's decision is mailed. Courts enforcing the statute have not deviated from its terms; when notice of intention to appeal is filed more than fifteen days after the mailing of the Review Board's decision, the appeal is dismissed. *Smith v. Review Board of Employment of Employment Security Division*, (1974) 159 Ind.App. 282, 306 N.E.2d 140; *Teepe, supra.*

The time period for appealing the referee's decision to the Review Board is set out in IND. CODE § 22–4–17–3 (1982):

> The parties shall be duly notified of [the referee's] decision and the reasons therefor, which shall be deemed to be the final decision of the review board, unless within fifteen (15) days after the date of notification or mailing of such decision, an appeal is taken....

Although the language of I.C. 22–4–17–3 differs from that of I.C. 22–4–17–11, courts have generally counted the fifteen days from the date the referee's decision was

mailed. *Rich v. Review Board of Employment Security Division,* (1981) Ind.App., 419 N.E.2d 187 (director's appeal filed twenty-one days after referee's decision was *mailed*); *Neal v. Review Board of Employment Security Division,* (1972) 153 Ind.App. 630, 288 N.E.2d 561 (referee's decision became final because no appeal taken within fifteen days after decision *mailed*). *Cf. O'Donoghue v. Review Board of Employment Security Division,* (1980) Ind.App., 406 N.E.2d 1267 (time limitation begins to run after notification, not after mailing).

■ The statute pertinent to the instant case, IND. CODE § 22–4–17–2(e) (1982), states the time period for appealing the Deputy's decision to the Appeals Referee:

In cases where the claimant's benefit eligibility or disqualification is disputed, the division shall promptly notify the claimant and the employer or employers directly involved.... Unless the claimant or such employer within twenty (20) days after such notification was mailed to his or its last known address, or otherwise delivered to him or it, asks a hearing before a referee thereon, such decision shall be final....

A literal reading of the statute suggests that the time limitation begins to run upon the mailing of the Deputy's decision. Such a reading of the statute is not undermined by the holding in *Reece v. Review Board of Employment Security Division,* (1977) 172 Ind.App. 503, 360 N.E.2d 1262. In *Reece,* this court announced that the statutory period began to run upon delivery of the Determination Letter, rather than upon its mere deposit in the mail. *Id.* at 508, 360 N.E.2d at 1265. However, the statute under examination permitted only ten days for the claimant or the employer to seek a hearing on the Deputy's decision. There was doubt as to whether a ten day period

for appeal was sufficient. *Id.* at 509, 360 N.E.2d at 1265 (Robertson, J., dissenting). The court, recognizing the humanitarian purposes underlying the Employment Security Act, compensated for the abbreviated time frame by counting the ten days from the date the Deputy's decision was received by the party seeking review. Yet the court emphasized that the right to seek review of a Deputy's decision could be conditioned upon the meeting of *reasonable* time limitations. *Id.* at 508, 360 N.E.2d at 1265.

The concerns present in *Reece* are not raised by the statute applicable in the instant case. I.C. 22–4–17–2(e) allows twenty days to seek review of the Deputy's decision. Thus, the court's holding in *Reece* does not represent the controlling interpretation of I.C. 22–4–17–2. We determine that the twenty day period for appealing the Deputy's decision begins to run on the date the decision was mailed. Our determination is in accordance with the unambiguous language of I.C. 22–4–17–2, and it is consistent with the weight of authority construing the related statutes that provide for appeals to the Review Board and the court of appeals.

In the instant case, the Deputy's decision was mailed on November 2, 1984. Rush Industries did not file its letter indicating intention to appeal until November 27.[1] Because Rush Industries did not file notice of intention to appeal within twenty days from November 2, the Appeals Referee had no jurisdiction to hear the appeal. There was a break in the chain of jurisdiction, and the decision of the Deputy became the final decision of the Review Board. Therefore, the decision of the Review Board is reversed, and the decision of the Deputy is reinstated.

Judgment reversed.

RATLIFF, P.J., and NEAL, J., concur.

---

1. An employee at the Employment Security Division assured Rush Industries that its right to review was preserved by the letter received on November 27. This fact does not influence our disposition of the case. The agency did not have the discretion to disregard I.C. 22–4–17–2, governing appeals from the Deputy's decision. *See, e.g., Sperry Rubber and Plastic Co. v. Review Board of Employment Security Division,* (1966) 139 Ind.App. 503, 216 N.E.2d 530.