**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Apr 30 2014, 10:30 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ROBERT A. HICKS**
Macey Swanson and Allman
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KYLE HUNTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| T.W., | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 93A02-1310-EX-871 |
| | ) | |
| REVIEW BOARD OF THE INDIANA | ) | |
| DEPARTMENT OF WORKFORCE | ) | |
| DEVELOPMENT, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE INDIANA REVIEW BOARD
Steven F. Bier, Chairperson
Cause No. 13-R-3432

**April 30, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

T.W. appeals from the dismissal of her appeal by the Review Board of the Indiana Department of Workforce Development (Review Board), contending that the dismissal was erroneous because her appeal was timely filed. Although we express no opinion as to whether T.W.'s appeal was, in fact, timely filed, we conclude that the Review Board erred in dismissing her appeal on that basis without holding an evidentiary hearing at which T.W. would be allowed to present evidence on that question.

We reverse.

After T.W. was discharged from her employment she applied for unemployment benefits and was granted benefits by the claims deputy, who also determined that T.W.'s employer failed to timely provide separation information for T.W. in response to a request by the Review Board. T.W.'s employer appealed the claims deputy's determinations. T.W. did not appear at the August 28, 2013 hearing held before an administrative law judge (ALJ). The ALJ affirmed the claims deputy's decision on the procedural issue, but reversed the claims deputy's decision that T.W. was entitled to unemployment benefits.

On September 17, 2013, the president of the local union submitted by fax an appeal, which T.W. signed, on T.W.'s behalf to the Review Board. Included in the materials was the ALJ's written decision which contained the following entry: "Mail Date: Thursday, August 29, 2013." *Appellant's Appendix* at 9. Also included was a photocopy of an envelope displaying the return address of the Review Board, indicating that the contents of the envelope were served by United States mail, displaying a bar code including the five-digit zip code of the city where T.W. lives, and bearing a postmark date of September 9, 2013. The

envelope lacks information identifying the recipient of the envelope. On September 18, 2013, the Review Board issued its notice of dismissal of T.W.'s appeal on the ground that it was not timely filed, and consequently, did not reach the merits of T.W.'s appeal. The Review Board's decision stated the following:

NOTICE OF DISMISSAL
An appeal by a claimant or employer from a decision of the Administrative Law Judge will be dismissed when the Administrative Law Judge's decision is not appealed within the time specified by the Indiana Employment and Training Act.

IC 22-4-17-3 states in pertinent part:
The parties shall be duly notified of such decision and the reasons therefor, which shall be deemed to be the final decision of the Review Board, unless within fifteen (15) days after the date of notification or mailing of such decision, an appeal is taken by the Board or the Director or by any party adversely affected by such decision to the Review Board.

IC 22-4-17-14 provides in pertinent part:
[. . . .]
(c) If a notice is served through the United States mail, three (3) days must be added to a period that commences upon service of that notice.
(d) The filing of a document with the appellate division or review board is complete on the earliest of the following dates that apply to the filing:
(1) The date on which the document is delivered to the appellate division or review board.
(2) The date of the postmark on the envelope containing the document if the document is mailed to the appellate division or review board by the United States Postal Service.

The Review Board finds that the appeal in the above entitled case was not filed within the time prescribed by the Indiana Employment and Training Act and, therefore, the attempted appeal is dismissed.

*Id*. at 2.

On September 23, 2013, the local union president faxed a request to the Review Board asking that it reconsider its decision to dismiss T.W.'s appeal on timeliness grounds. The

local union president included with his request a copy of the same envelope that had been submitted as part of T.W.'s appeal and the ALJ's decision, noting on each that the date on the envelope was eleven days later than the mail date included within the ALJ's decision. The Review Board did not respond to the request to reconsider its dismissal of T.W.'s appeal. T.W. appeals from that dismissal.

T.W. asks this court to reverse the Review Board's dismissal of her appeal and remand the matter for specific findings on the issue of the timeliness. In the alternative, she asks this court for a decision on the merits about timeliness. The Review Board contends that a remand is unnecessary, as specific findings are required only in the event that there are contested issues. The Review Board asserts that since T.W. did not present an argument about the timeliness of her appeal in her submitted appeal materials, there was no contested issue and findings were not and are not required.[1] Noting T.W.'s failure to request an extension of time or to argue that her appeal should be filed for cause, the Review Board claims that its dismissal should be affirmed. The Review Board's position is unpersuasive and not dispositive because T.W. argued the timeliness of her appeal upon its dismissal, which was the first instance the issue was raised, in her request for reconsideration.

In *Reece v. Review Bd. of Emp't Sec. Div.*, 360 N.E.2d 1262 (Ind. Ct. App. 1977), when asked to review the dismissal of a claimant's appeal from the initial denial of benefits by a claims deputy, a panel of this court found the 1971 version of the applicable appeal

---

[1] *See Ratkovich v. Rev. Bd. of Indiana Dep't. of Emp't & Training Servs.*, 618 N.E.2d 44, 46-47 (Ind. Ct. App. 1993) ("The Review Board is required to make specific findings of all the facts relevant to the contested issues.").

4

limitation statute[2] to be ambiguous, and reversed the dismissal of the claimant's appeal, remanding the matter for further proceedings. Construing the statutory language to provide that the time limitation began to run upon the delivery of a determination letter rather than upon the letter's deposit in the mail, we observed that such a construction comported with the humanitarian purposes of the Employment Security Act and avoided "harsh, unjust, or absurd consequences." *Reece v. Review Bd. of Emp't Sec. Div.*, 360 N.E.2d 1262, 1264-65 (Ind. Ct. App. 1977).

A majority of this court found the *Reece* decision controlled when construing the applicable appeal limitation statute[3] in our review of the Review Board's dismissal of an appeal from an ALJ's decision in *O'Donoghue v. Review Bd. of Ind. Emp't Sec. Div.*, 406 N.E.2d 1267 (Ind. Ct. App. 1980). The version of the statute in effect at that time provided that the decision of the ALJ would be deemed a final decision "unless within fifteen (15) days after the date of notification or mailing of such decision, an appeal is taken . . . ." *O'Donoghue v. Review Bd. of Indiana Employment Sec. Div.*, 406 N.E.2d 1267, 1267 (Ind. Ct. App. 1980). Following our decision in *Reece*, we held that the fifteen-day time limitation began after notification of the decision. *Id*. at 1267-68. Although there was no evidence in the record to establish when the determination was received by the claimant, the record reflected that the appeal was filed sixteen days after the decision was mailed. Assuming for

---

[2] Ind. Code Ann. § 22-4-17-2(e) (West, Westlaw current through P.L. 29 of the 2nd Reg. Sess. of the 118th General Assembly (2014) with effective dates through March 13, 2014).

[3] I.C. § 22-4-17-3 (West, Westlaw current through P.L. 29 of the 2nd Reg. Sess. of the 118th General Assembly (2014) with effective dates through March 13, 2014)

the sake of argument that the determination was delivered to the claimant the day after it was mailed, we held that the appeal was within the fifteen-day time limitation, and the dismissal was erroneous.

Although the statutory provision cited by the Review Board in its dismissal of T.W.'s appeal is identical to the statutory language in *O'Donoghue*, the Review Board asserts that the *O'Donoghue* holding is no longer applicable given the 1990 enactment of I.C. § 22-4-17-14 (West, Westlaw current through P.L. 29 of the 2nd Reg. Sess. of the 118th General Assembly (2014) with effective dates through March 13, 2014), which addressed "the uncertainty surrounding the mailing of decisions." *Appellee's Brief* at 11. The statute provides that "[i]f notice is served through the United States mail, three (3) days must be added to a period that commences upon service of that notice." I.C. § 22-4-17-4(c). The Review Board asserts that this legislative action "clarifies its intent that the fifteen (15) day limitation period runs from the date that the decision is mailed." *Appellee's Brief* at 11.

We note, however, that the statute applies to "notices given" under specific sections of that chapter. The statute provides that "[a]s used in this section, 'notices' includes mailings of notices, determinations, decisions, orders, motions, or the filing of any document with the appellate division or review board." I.C. § 22-4-17-4(b). Thus, the extension for notices that are mailed applies to more than determinations. Moreover, a document is considered to be filed with the appellate division or review board on the earliest of the following dates: 1) The date the document is delivered; 2) the date of the postmark on the envelope if mailed via

6

the United States Postal Service; or 3) the date of deposit of the document with a private carrier, as reflected by the carrier-issued receipt. I.C. § 22-4-17-14(d).

This is consistent with precedent holding that when there is an evidentiary dispute about the timeliness of an appeal, the Review Board abuses its discretion by failing to hear additional evidence on the matter. For example, in *Ritcheson-Dick v. Unemployment Ins. Rev. Bd.*, 881 N.E.2d 54 (Ind. Ct. App. 2008), we reversed the dismissal of the claimant's appeal and remanded for an evidentiary hearing on the issue of timeliness of the appeal, where the claimant included a typed letter explaining why a previously faxed notice of appeal had not been seen by three Review Board employees, each of whom the claimant could name, and where the claimant sent a subsequent fax transmission of her notice of appeal after being assured by a Review Board employee that a note would be placed in her file indicating that she was sending an appeal. There was ample evidence in the record indicative of an evidentiary dispute.

On the other hand, in *Amico v. Rev. Bd. of Ind. Dept. of Workforce Dev.*, 945 N.E.2d 162 (Ind. Ct. App. 2009), we affirmed the dismissal of a claimant's appeal on the grounds of untimeliness. In that case, the claims deputy determined that the claimant was terminated for just cause and denied unemployment benefits to her. The determination was issued on March 20, 2009. The claimant attempted to challenge the unfavorable determination by submitting a handwritten letter dated March 23, 2009, but fax-marked April 24, 2009, and stamped received on April 24, 2009. The ALJ dismissed the attempted appeal on jurisdictional grounds concluding that it was untimely filed. The Review Board adopted the ALJ's

7

dismissal and the claimant appealed. We held that there was no evidentiary dispute about the timeliness of her appeal because the claimant contended only that she wished to present evidence on the merits of her termination. She addressed the issue of timeliness for the first time on appeal, claiming that she had mailed the notice of appeal on March 23, 2009, with a faxed submission nearly one month later.

In *Ritcheson-Dick*, we found that the Review Board abused its discretion by failing to hear a claimant's additional evidence concerning her claim that she filed her notice of appeal in a timely manner. We cited cases that held the admission of additional evidence was within the Review Board's discretion. *See e.g., Willett v. Review Bd. of Ind. Dep't of Emp't & Training Servs.*, 632 N.E.2d 736 (Ind. Ct. App. 1994). *Ritcheson-Dick* and those other cases relied upon 646 I.A.C. 3-12-8(b), which provided that the review board may hear or procure additional evidence upon its own motion, or that of a party, for good cause shown, and with a showing of a good reason why the evidence was not procured or introduced at the hearing before the ALJ. Although that provision was valid when applied to decide those cases the provision has since been repealed. (Repealed by Department of Workforce Development; filed Apr 26, 2011, 11:23 a.m.: 20110525-IR-646100464FRA).

Nonetheless, we reasoned as follows in *Carter v. Rev. Bd. of Ind. Dep't of Emp't and Training Servs.*, 526 N.E.2d 717, 719 (Ind. Ct. App. 1988):

> Generally, the evidentiary hearing conducted before a referee affords the parties to an unemployment compensation claim due process of law and the review board on appeal is not constitutionally required to provide an additional evidentiary hearing. However, Carter's is not the usual situation in which a claimant has previously presented his arguments in a hearing before a referee. Carter's appeal, based wholly on his failure to receive notice, arose

8

independently of the substantive claims underlying his original action for unemployment compensation benefits. Carter has had no opportunity to present evidence on the issue of notice throughout this litigation and this lack of opportunity to be heard constitutes a deprivation of due process in the present case.

(internal citations omitted). Similarly, the Review Board in this case dismissed T.W.'s appeal on the merits finding that it was untimely filed. Once the issue was raised, T.W. asked the Review Board to reconsider its decision and tendered evidence in support of her position. The Review Board chose not to act on the request for reconsideration. The Review Board argues on appeal that the tendered evidence was hearsay, was not sworn or verified, and therefore was not admissible because it was not competent evidence. The Review Board did not make findings to that effect when the issue first arose. T.W. should have the opportunity to present her evidence to the Review Board, and the Review Board's failure to hold an evidentiary hearing was contrary to law.

Judgment reversed.

MATHIAS, J., and PYLE, J., concur.